Littleton, Judge.,
delivered the opinion of the court:
Plaintiff takes numerous and lengthy exceptions to the facts as found by the commissioner. We have carefully considered these exceptions in the light of the record and in connection with the alleged contract forming the basis of this action, and we find the exceptions to the facts found by the commissioner not to be well founded. The additional findings requested relate in the main to certain requested findings with reference to the description, features, structure, and functions of the patents in question and to their infringement by the United States. Obviously such findings are unnecessary and immaterial to consideration of the question whether the decedent had a contract with the United States for compensation for the use of the patents, granted to him. Harvey Steel Co. v. United States, 38 C. Cls. 662, 196 U. S. 310; The Curved Electrotype Plate Co., of New York v. United States, 50 C. Cls. 258. If it should be held that the decedent had a valid contract with the United States for the use of his patents under which the Government was obligated to pay him compensation, the facts as to the extent of the use and the value thereof in fixing the compensation might become material; in that event,, plaintiff would be given an opportunity to prove the amount of such compensation. Otherwise the other requested addi *298 tional findings have either not been proved or have been adequately found by the commissioner.
The only question presented by the case as it now stands is whether there was an express contract between Robert Lee Wright and the United States for the use of certain ■ordnance inventions. We think it is clear from the correspondence of record, upon which plaintiff relies, that no contract existed between the decedent and the United States under which the United States used his inventions and promised to pay compensation therefor. The letters and telegrams which plaintiff, alleges were sent to the President of the United States from June 1 to July 6, 1917, are not in ■evidence and it is clear that the subsequent letters from the Secretary to the President and from Col. Anderson and Maj. Holcombe of the War Department did not result in a contract between Wright and the United States for the use by the latter of any patents belonging to the plaintiff and the payment to plaintiff of compensation for such use. The letter of May 7, 1918, from Maj. Holcombe of the Contract Section, Patents Branch, of the Ordnance Department is the ■one upon which chief reliance is placed as a ratification of a ■contract with the decedent growing out of other correspond■ence. The facts show, however, and Maj. Holcombe testified that he only had authority to conduct negotiations but did not have authority to sign contracts for use of patented in■ventions by the War Department; that the letter of May 7, 1918, was the kind of letter which it was customary for the War Department to write inventors who submitted devices to the Ordnance Department for consideration; that at the time this letter was written the negotiations with the decedent had not reached the stage of making a contract and that the letter was merely advice to Wright that his inventions would receive consideration and that a proper form of contract would be entered into later if it was found desirable to do so from the standpoint of the Ordnance Department. It will therefore be seen that at most the correspondence between Wright and the United States did not reach a stage beyond the point of mere negotiation. Since Maj. Hol-combe did not have authority to bind the United States by *299 an express contract, it is clear that he could, not do so by implication. Beach v. United States, 226 U. S. 243, 260. The Curved Electrotype Plate Co. v. United States, 50 C. Cls. 258, 273.
While it is true that Col. Anderson and Maj. Holcombe had authority to write the letters of June 27, 1917, and May 7, 1918, respectively, there is no evidence that either of these officers had authority to make or to ratify contracts. The letters themselves do not constitute a contract with decedent and inasmuch as no prior existing contract or agreement with anyone acting for the Government has been established, the letters mentioned cannot be held to be a ratification, The mere offer by Wright to some official of the United States of the use by the latter of his inventions certainly cannot be held to be a contract binding the United States to pay him any amount unless the offer is definitely accepted by the United States by some person duly authorized to act for it in that regard. This record does not establish that this was done. If there was any use of decedent’s inventions it was an unauthorized use and therefore an infringement. This question is not now in the case. Plaintiff is not entitled to recover and the petition is dismissed.
Whalet, Judge; Williams, Judge; Geeen, Judge; and Booth, Chief Justice, concur.