## ROBBINS v. UNITED STATES.
### No. 46517.

Court of Claims.

May 6, 1946.

Morris Robbins, in pro. per.

J. F. Mothershead, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

Plaintiff alleges that he is the inventor of the helicopter used by the War Department. The gravamen of his complaint is set forth in the second and third paragraphs of his petition which are as follows:

"That your petitioner states that he is the inventor of the helicopter used by the War Department; that petitioner's design consists of a conventional airplane with a cone extended from a pole in the centre of the helicopter and a cone in front to give downward and backward traction; that petitioner's design was infringed by the United States War Department when said department adopted and reversed petitioner's coni-

cal principal and design. That no action thereof has been taken in Congress or by the Departments, except such evidence as may be found in N. A. C. A. file P. D. 1170.

"That in 1936 petitioner sent to the President of the United States a design for a lift and propulsion machine. This the President sent to the National Advisory Committee for Aeronautics and that in conjunction with the War Department and Mr. Sikorsky and the Aircraft Corp. with which he is affiliated has used."

The petition then states that claimant is the owner of the design and is entitled to the sum of $75,000 to be paid by the United States.

Defendant demurred to the petition on the grounds that it does not set forth a cause of action within the jurisdiction of this court.

Defendant then filed a motion for a bill of particulars which the court granted.

To this motion and order the plaintiff responded as follows:

"1. Petitioner has been granted no patent for the helicopter referred to in paragraph 2 of the petition.

"2. No other department of a government has used the invention, the cone propeller is used in the top center of the helicopter.

"3. The government first used the petitioner's invention in 1938 at which time petitioner advised the War Department of said use.

"4. Petitioner states that the design for a lift and propulsion machine is the structure referred to in paragraph 2; petitioner has not been granted a patent for the lift and propulsion machine.

" "5. The full name of Mr. Sikorsky is Mr. Igor Sikorsky, and the name of the aircraft corporation with which he is affiliated is the Sikorsky Aeronautical Corp.

"6. Petitioner gave notice to the National Advisory Committee for Aeronautics in 1938 and petitioner verily believes that the file number of his said claim is N. A. C. A. file P. D. 1170."

Since a patent has not been issued and it is not alleged that a patent has been applied for this court has no jurisdiction to allow compensation for the unlicensed use of an invention under Title 35, Section 42 or Section 68, U.S.C.A.

The petition fails to allege a contract either express or implied in fact. It does allege that the design was sent to an official of the Government, but it does not allege that the design was used. It alleges that the War Department adopted and reversed petitioner's conical principle and design. This allegation fails to meet the test of a contract implied in fact such as would give this court jurisdiction.

Since the plaintiff does not allege any such contract, any claim which he might have based on any conduct of defendant, if wrongful, would be classed as a tort; and regardless of its merit could not be considered here in the absence of special legislation, since the Congress has not conferred upon this court jurisdiction to try tort cases. Ball Engineering Co. v. J. G. White & Co., 250 U.S. 46, 57, 39 S.Ct. 393, 63 L.Ed. 835.

The demurrer is sustained and the plaintiff's petition dismissed.

It is so ordered.

WHALEY, Chief Justice, and WHITAKER, and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.