## FULMER v. UNITED STATES.
### No. 47659.

Court of Claims.
June 1, 1948.

Almon S. Nelson, of Washington, D. C., for plaintiff.

**928**

F. R. Weisbender, of Washington, D. C., and Peyton Ford, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

In his amended petition plaintiff seeks to recover compensation, first, under the Royalty Adjustment Act of October 31, 1942, 35 U.S.C.A. §§ 89–96, and sections 10 (i) and (r) of the Air Corps Act of July 2, 1926, as amended by the Act of March 3, 1927, 10 U.S.C.A. § 310 (i) and (r), for the alleged use by defendant, with the consent of plaintiff, of an unpatented invention for camouflaging parachutes; second, under an alleged implied contract or agreement for the use of and payment of compensation for the alleged invention; and, third, damages for the breach of the alleged implied agreement, by failure to pay compensation.

Defendant has demurred to the petition insofar as it attempts to base a cause of action on the statutes mentioned and has filed a motion to dismiss with respect to the alleged implied contract. Both the demurrer and motion to dismiss are based on the ground that the factual allegations of the amended petition are not sufficient to state a cause or causes of action against the United States within the jurisdiction of this court.

The material allegations of the petition are, in substance, that in August 1931 and thereafter plaintiff was "the owner, inventor and originator of a certain device, namely, an improved plan, means, or method, or system for camouflaging colored parachutes and signal systems for the purpose of making the parachutes invisible and for indicating certain colors representing certain materials so the same could be used successfully." Plaintiff alleges that on March 30, 1943, "he entered into an oral agreement with officers, agents or servants of the defendant while acting within the line or scope of their employment;" wherein plaintiff alleges he made a full disclosure of his invention in consideration of the promise of "said officer or agent" that the disclosure would be treated in confidence and not disclosed to the public or otherwise appropriated, and that if the Government adopted and used "said device, idea or invention" it would pay plaintiff the reasonable value thereof. It is alleged that on July 18, 1944, defendant made use of "said invention or device and publicized the same." It is alleged that "the product was made pursuant to and in accordance with the ideas and the invention which the plaintiff had so disclosed to said defendant." Plaintiff further alleges that he made Application No. 531,500 for U. S. Letters Patent for Camouflaged Parachute, in which a full disclosure of said device was made and that "his invention was used successfully in the prosecution of war." The petition does not allege when this application was filed. Neither does it state what action, if any, has been taken thereon by the Patent Office.

■ Plaintiff has no cause of action under the terms of Royalty Adjustment Act of October 31, 1942, 35 U.S.C.A. §§ 89–96, Ivor B. Yassin v. United States, Ct.Cl., 76 F.Supp. 509. Plaintiff had no license agreement with anyone for the payment of a royalty for the use of his alleged invention in connection with the manufacture of articles for the United States, and there could not, therefore, be an order by the head of a department or agency upon which that act conditions the right to sue. An allegation that defendant used plaintiff's unpatented device is not, therefore sufficient to bring plaintiff's case within the terms of that Act.

■ The facts alleged in the petition show that the alleged invention is not a *component* of aircraft, within the meaning of section 10 (i) of the Air Corps Act of July 2, 1926,[1] 44 Stat. 780, 786, 10 U.S.C.A.

1 "(i) Use of designs without just compensation; right to sue Government; limitation. Any person, firm, or corporation that shall complain that his, their, or its *designs* hereafter developed relating to aircraft or any *components* thereof are used or manufactured by or for any department of the Government without just compensation from either the Government or any other source, may within four years from the date of such use file suit in the Court of Claims for the recovery of his reasonable and entire compensation for such

§ 310 (i). The allegations show that the alleged invention consisted of a "plan, means, or method, or system for camouflaging parachutes." From this it would appear that the alleged invention was for a process or method rather than a design. At most, it related to an accessory for aircraft. Parachutes may be regarded as aeronautical accessories, but these were not included in the designs mentioned in section 10 (i) for use of which, without just compensation, the right to sue for reasonable and entire compensation was given in substantially the same manner as for use of a patent under the Act of June 25, 1910, 35 U.S.C.A. § 68.

The history of the Air Corps Act shows that in the enactment of section 10 (i) Congress was dealing with aircraft and constituent elements or parts thereof, designs for which were considered to be rarely, if ever, patentable under R.S. § 4929, 35 U.S.C.A. § 73, by reason of the provision therein that a design must have certain features of ornamentation.

Plaintiff says, however, that the reference in section 10 (r) of the Air Corps Act, as amended by the Act of March 3, 1927,[2] 44 Stat. 1380, 10 U.S.C.A. § 310 (r), to designs, whether patented or unpatented, for "aeronautical accessories," shows that section 10 (i) intended to grant the right to sue, also, for these unpatented inventions. We think the contrary is shown when the two subsections are considered together in the light of other provisions of the Act of 1926 and its purpose, as disclosed by its history, see sec-

tion 10 (t). It seems obvious that if Congress had intended to include designs for "aeronautical accessories" in section 10 (i), in addition to "components" of aircraft, it would have expressly so stated, as it did in section 10 (r), relating to purchase, through the Patents and Design Board, of a "complete assignment or nonexclusive license," and in section 10 (t) relating to the letting of contracts to "the lowest responsible bidder that can satisfactorily perform the work or the service required to the best advantage of the Government."

In our opinion the facts alleged in the amended petition are not sufficient to constitute a cause of action under the Act of July 2, 1926, as amended, supra, or the Act of October 31, 1942, supra. Defendant's demurrer must, therefore, be sustained.

■ We are also of the opinion that defendant's motion to dismiss the amended petition insofar as it is founded upon an alleged "implied contract and agreement either written or oral for the use of plaintiff's invention," must be sustained. The facts alleged by plaintiff, as distinguished from conclusions, would not, if proved, establish his right to recover upon a contract express or implied in fact. The petition does not state the name or position of the "officers, agents, or servants" of the Government with whom he had negotiations concerning his alleged invention, and no facts are alleged to show that such officers or agents,

use and manufacture after July 2, 1926. [Italics added.] * * * "

2 "(r) Patents and design board created; submission to board of designs for aircraft, etc.; evaluation; purchase of ownership or right to use. A board to be known as the patents and design board is created, the three members of which shall be an Assistant Secretary of War, an Assistant Secretary of the Navy, and an Assistant Secretary of Commerce. Any individual, firm, or corporation may submit to the board for its action any design, whether patented or unpatented, for aircraft, aircraft parts, or aeronautical accessories. The board shall refer any design so submitted to the National Advisory Committee for Aeronautics for its recommendation. If and when the committee makes a favorable recommendation to the board in respect of the design, the board shall then proceed to determine whether the use of the design by the Government is desirable or necessary and evaluate the design and fix its worth to the United States in an amount not to exceed $75,-000. The said designer, individual, firm, or corporation, may then be offered the sum fixed by the board for the ownership or a nonexclusive right of the United States to the use of the design in aircraft, aircraft parts, or aeronautical accessories and upon the acceptance thereof shall execute complete assignment or nonexclusive license to the United States: *Provided,* That no sum in excess of $75,000 shall be paid for any one design."

or any of them, had authority to bind the Government or to obligate it to pay plaintiff compensation in the event some agency of the Government used his unpatented plan or method for camouflaging parachutes. The allegations do not indicate an agreement, express or implied in fact, to use plaintiff's device and to pay him for such use, but indicate only that plaintiff had some negotiation with someone not named, concerning the nature and character of his alleged invention and its possible use by the Government. See Filor v. United States, 9 Wall. 45, 19 L.Ed. 549; Willie Crockett Wright, Adm'r. v. United States, 86 Ct.Cl. 290; Burke and Herbert Bank and Trust Co., Administrator, et al. v. United States, 67 F.Supp. 827, 107 Ct.Cl. 106; Morris Robbins v. United States, 65 F.Supp. 462, 106 Ct.Cl. 278; Ross Cummings Patton v. United States, 75 F.Supp. 470, 110 Ct.Cl. ——.

Plaintiff says that an agent of the Government made the alleged invention public to his damage, but there is no allegation that this publicity did not result from the filing of his application for a patent.

The Air Corps Act of 1926, as amended, supra, contained various provisions[3] that contracts and agreements for the purchase or use of designs for aircraft, aircraft parts, or aeronautical accessories be made by the Secretary of War and the Secretary of the Navy, and the allegations of the petition are not sufficient to show that the officers or agents with whom plaintiff had his dealings had authority to act for the officials mentioned in the statute.

Since plaintiff has not alleged facts sufficient to show that he had a contract with the Government within the jurisdiction of this court, a use by the Government of his unpatented device or method would not constitute the basis for a suit under sections 68, 90 or 94, U.S.C.A., Title 35, or under the provisions and limitations of the Air Corps Act of 1926, as amended, supra.

Defendant's demurrer and motion to dismiss are sustained and the petition is dismissed. It is so ordered.