132

## HORNER v. UNITED STATES.
### No. 49030.

United States Court of Claims.
Oct. 3, 1949.

Motion for New Trial Overruled Nov. 7, 1949.

Harris Henry Horner, pro se.

Bernard Wohlfert, Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

PER CURIAM.

Plaintiff filed his petition herein to recover compensation under the Act of June 25, 1910, as amended, and the "Royalty Adjustment Act" of October 31, 1942, 35 U.S.C.A. §§ 42, 68, and 89 to 96, inclusive, for the alleged unauthorized use by defendant of two unpatented inventions or devices.

The first claim asserted in the petition relates to the alleged use by defendant of plaintiff's unpatented inventions or devices for "illusionary or 'dummy' weapons of warfare."

From the allegations of the petition and the exhibits submitted therewith it appears with respect to the first claim, that by letter of May 3, 1917, plaintiff submitted models, prints, descriptive details and experiments of his unpatented inventions, in accordance with directions contained in Form 8, entitled "Memorandum for Inventors," issued by the War Department Board of Ordnance and Fortification, and asked that he be paid compensation therefor. On May 10, 1917, the Chief of Ordnance, War Department, wrote plaintiff acknowledging receipt of his submission and advising him that the subject matter of his submission would have no immediate utility for the Department. No further action was taken by defendant on this submission by plaintiff.

Thereafter, in June 1941, the plaintiff, by correspondence with the Navy Department and the National Inventors Council, resubmitted his unpatented inventions for consideration and asked that he be paid compensation therefor. No facts are alleged to show that any arrangement or agreement was made with plaintiff by anyone having authority to act for the United States for the use by the Government of his alleged inventions and/or for the payment of compensation therefor.

The petition alleges that the defendant used plaintiff's unpatented inventions and continues to use them without his authority and without payment of compensation therefor in violation of Sections 42, 68, and 89 to 96, inclusive, Title 35 of the United States Code Annotated, and that plaintiff's claim for payment of compensation for such use has been denied.

The second claim asserted in the petition is for the alleged use by defendant without payment of compensation of plaintiff's "unpatented devices (air tug) to increase speed, maneuverability and altering direction of naval craft by the full

utilization of the thrust of aero engines and propellers."

Plaintiff alleges that on August 17, 1942, he submitted to the defendant for consideration, through the National Inventors Council, Department of Commerce, certain photographs, blueprints, and written description of his design of naval craft. These documents and the information therein contained were acknowledged by the National Inventors Council, in which acknowledgment the plaintiff was advised, among other things, that his alleged invention was not a usable device.

Plaintiff alleges that his unpatented device involved in the second claim was used and continues to be used by defendant without his authorization and in violation of Sections 42, 68, and 89 to 96, inclusive, Title 35 of the U.S. Code Annotated, and that on August 27, 1947, his claim for compensation for such use was denied by the Office of the Judge Advocate General, U.S. Army Patents Division.

The foregoing statement of the substance of the allegations of the petition shows that plaintiff has not stated a cause of action within the jurisdiction of the court. Sections 42 and 68 of Title 35 of the U. S. Code (1946 Ed.),[1] upon which plaintiff relies, authorize suit against the United States for compensation for unauthorized use or infringement by the Government of patented inventions. The alleged inventions, for the alleged use of which plaintiff seeks compensation, were not patented. It is clear, therefore, that the plaintiff cannot maintain the suit under these sections. Robbins v. United States, 65 F.Supp. 462, 106 C.Cl. 278, 279; Patton v. United States, 75 F.Supp. 470, 110 C.Cl. 195, 202.

The claims are also predicated upon the Act of October 31, 1942, 56 Stat. 1013, known as the "Royalty Adjustment Act," the provisions of which are embodied in the U.S.Code Annotated as Sections 89 to 96, inclusive, of Title 35. Considered as a whole the Royalty Adjustment Act does not authorize suit upon facts such as are alleged by plaintiff. The jurisdiction of the court under that Act is expressly conditioned upon the issuance by the head of the department or agency concerned of an order reducing royalties being paid to a licensor under a license for the use or manufacture of his inventions, whether patented or unpatented. Plaintiff had no license agreement for the payment of royalties on his unpatented inventions and no administrative order fixing the amount of royalty to be paid for the use of such invention was made. The facts alleged by plaintiff do not, therefore, bring either of his claims within any of the provisions of the Act of October 31, 1942, supra. Patton v. United States, supra; Yassin v. United States, 76 F.Supp. 509, 110 C.Cl. 211; Fulmer v. United States, 77 F.Supp. 927, 111 C.Cl. 591, 593.

The facts alleged are not sufficient to show the existence of a contract, express or implied in fact, between the Government and plaintiff for the payment of compensation for the information and data submitted by him or for the use of his alleged inventions. Wright v. United States, 86 C.Cl. 290, 299. No one having authority to bind the United States by contract, promised to pay plaintiff compensation for the information submitted or for the use of the unpatented devices described therein. The correspondence filed as a part of the petition shows that plaintiff's claims for compensation were denied. See Gaylor v. Wilder, 10 How. 477, 13 L.Ed. 504. In Patton v. United States, supra, this court said [75 F.Supp. 472]: " * * * The fact that plaintiff endeavored to establish a contract relationship with the Government is not enough to give this court jurisdiction to hear and determine his claim."

It is the opinion of the court that the petition does not set forth a cause of action of which the court has jurisdiction. The defendant's motion to dismiss is, therefore sustained and the petition is dismissed. It is so ordered.

1. Reenacted as Sec. 1498, Title 28 U.S.C.A. Revised.