## GEARON et al. v. UNITED STATES.
### No. 159-53.

United States Court of Claims.
Nov. 3, 1953.

Walter F. Boye, Chicago, Ill., for plaintiffs.

Gordon C. Biddle, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Augustus G. Douvas, Alexandria, Va., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is a patent case which is before the court on defendant's motion to dismiss counts II, III, and IV of plaintiffs' petition. The petition was filed April 20, 1953, under the provision of the patent

laws of the United States now recodified as Title 28, Section 1498.

The petition alleges that one of the plaintiffs, J. J. Gearon, was the inventor of collapsible military pontoon bridges for which he was issued letters patent No. 2,423,832 on July 15, 1947, on an application filed in the United States Patent Office December 21, 1942.

Under count II of the petition plaintiffs allege unauthorized use of the invention and request reasonable compensation for such unauthorized use during the period when the application for the patent was pending in the Patent Office.

■ The Patent Office was established for the fundamental purpose of examining patent applications pending before it against the background of prior art and knowledge, and until this has been done, the fact that there is anything novel or that invention exists cannot be ascertained. Until such examination is completed and a patent issued, the patentee has established no monopoly to an invention. In accordance with the patent statutes, when a patentee is given a monopoly as to his invention, as expressed in the claims of the issued patent, such monopoly is limited to a period of seventeen years. To award compensation for the use of an invention when the application is still pending in the Patent Office in the formative stage would extend the period beyond seventeen years.

■ There is only one exception to what has been said and that is where publication or disclosure by the grant of a patent might be detrimental to the national security, in which case the Commissioner of Patents shall order that the invention be kept secret and withhold the grant of a patent under certain conditions. See Sec. 181, 66 Stat. 805, 35 U.S.C.A. § 181. In such case the patentee, where he receives a patent, may under certain conditions recover from the Government for the use of such invention the right to compensation for such use beginning on the date of the first use of the invention by the Government. Plaintiffs, however, do not plead the issuance of such a secrecy order in the present case.

Count II of the petition which requests compensation for the unauthorized use of an unpatented invention should be dismissed.

Count III of the petition requested this court to determine the amount of reasonable compensation for future use of the patent throughout its life up to and including the date of July 15, 1964, and as an alternative to determine the price or consideration for the sale of the patent to the defendant. It is unnecessary, however, to consider this count of the petition, for plaintiffs in their reply brief have agreed that defendant's motion to dismiss count III may be granted.

Plaintiffs originally based count IV of the petition on the provisions of United States Code, Title 28, Sec. 1491, and of the Federal Tort Claims Act of August 2, 1946, United States Code, Title 28, Sec. 2674. Plaintiffs, however, in their reply brief now state as follows:

"Plaintiffs make no contention that this Court has original jurisdiction of cases founded in tort; nor of cases predicated on contracts implied in law rather than implied in fact.

"But Count 4 makes allegations which spell out a contract implied in fact. In paragraph 4 it. is alleged that the defendant by its Department of Defense and War Department used said invention; in paragraph 5, page 11, that defendant utilized and used said invention with profit and benefit to the defendant, and without resulting compensation or emolument or benefit whatever to the plaintiffs."

The allegations which plaintiffs depend upon in connection with count IV in brief are that early in 1940, after an appeal by the Government by newspapers and radio, to submit plans of inventions of a military character to the War Depart-

ment and not file the same in the Patent Office, James J. Gearon submitted certain drawings and specifications for pontoon bridges to the Engineer Procurement District of Chicago, Illinois. These were acknowledged under date of August 14, 1940, and Gearon was advised that such data should be submitted to the Chief of Engineers, United States Army, Washington, D. C., which he did. The War Department notified Gearon by a letter dated September 5, 1940, as follows, which letter is attached to plaintiffs' petition as plaintiffs' exhibit 3:

"War Department
The Adjutant General's Office
Washington
September 5, 1940.

In Reply
Refer To AG 070 (8–15–40) M
Subject: Invention Improved Military Pontoon Bridge
To: Mr. James J. Gearon,
        4523 West Adams St.,
        Chicago, Ill.

Dear Sir: I am requested by the Secretary of War to state that your proposal on the subject above mentioned has been carefully examined, and it is found that the device does not possess sufficient value for military purposes to warrant further consideration by the War Department.

It is desired to thank you for your interest in submitting the proposal for examination.

Very truly yours,
        (Signed) E. S. Adams,
                Major General,
3 Incl.        The Adjutant General."

On February 3, 1942, plaintiff Gearon submitted drawings and a description of his unpatented invention to The National Inventors Council, Washington, D. C. On May 4, 1942, The Inventors Council directed a letter to plaintiff Gearon, which is also attached to plaintiffs' petition, as plaintiffs' exhibit 7, this letter reading as follows:

"A careful examination of the above identified proposal discloses that the suggestion is not of such character as may be employed in the war effort at the present time.

"Please accept our thanks for the patriotic spirit shown in forwarding the material for examination. You may be sure that our technical staff will be glad to examine any and all future ideas which you may care to submit."

The plaintiffs further allege that after they had supplied the Government with drawings and descriptions of the Gearon unpatented invention, according to numerous magazine articles and publications, the names of which are given, the Government was able to build a better pontoon bridge in less time than formerly, and that this occurred both prior to and subsequent to July 15, 1947, the date of issuance of the letters patent now in suit. In so far as any unauthorized use by the Government occurred subsequent to the issuance of the patent, plaintiffs are entitled to present proof of such acts under United States Code, Title 28, Sec. 1498, upon which count I of the petition is based, but the facts alleged are not sufficient to show the existence of a contract, express or implied in fact, between the Government and Gearon for the payment of compensation for the information and data submitted by him. No one having authority to bind the United States by contract promised to pay plaintiffs compensation for the information submitted or for the use of the unpatented devices described therein. The correspondence set out above and which was filed as a part of the petition is indicative of the nonacceptance of the Gearon pontoon bridge.

It is the opinion of the court that counts II, III, and IV do not set forth any cause of action over which the court has jurisdiction. The defendant's motion to dismiss these counts is therefore sustained and counts II, III, and IV of the petition are dismissed.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.