Julius **KAPLAN**

v.

**The UNITED STATES.**

No. 526–56.

United States Court of Claims.

July 12, 1957.

Raymond T. King, Springfield, Mass., for plaintiff.

William W. Fleming, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This suit comes before us on defendant's motion to dismiss counts I, II, and part of count III of plaintiff's petition on the ground that the allegations contained therein fail to set forth a cause of action over which this court has jurisdiction.

In order to simplify the disposition of defendant's motion, we will treat each count separately to determine whether a cause of action has been alleged therein.

Count I of the petition is a claim for the sum of $27,000 alleged to be due the plaintiff for services rendered to the defendant. In support of this claim, the petition alleges that the plaintiff, an inventor, developed a new and improved type of sleeping bag for use by the Armed Forces. Plaintiff applied for and was granted a patent on the article. Believing that the United States Army would be interested in his discovery, plaintiff called upon Gen. William H. Middleswart who was in charge of the Research and Development Division of the Quartermaster Corps, U. S. Army. Plaintiff demonstrated to the general and his staff the sleeping bag and was asked to work with the Government in the testing and developing of materials which could be used in the fabrication of the bags. The count then alleges "that the plaintiff was then and later informed that, for his design and for his efforts and time in working with the Government officials and when the Government would procure quantities of the product as designed by the plaintiff for use by the Armed Forces, he would be compensated." Further allegations of the count claim that the plaintiff was promised a contract for the fabrication of the bags.

Plaintiff alleges facts tending to show his participation and aid in preparing specifications to be used in fabrication of the bags in accordance with an alleged understanding he had with the Govern-

ment. Plaintiff says that the bags were produced through his efforts, that he did not receive the promised contract, and that he never has been compensated for the services he performed with respect to testing and drawing up of specifications for their manufacture. Plaintiff invokes the jurisdiction of this court under the provisions of 28 U.S.C. § 1491 (Supp. III, 1952 Ed.), which provides in pertinent part:

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

It is clear from reading count I of plaintiff's petition that his only basis for invoking this court's jurisdiction under section 1491, supra, is a claim founded upon an express or implied contract with the United States. This being so, defendant contends that plaintiff has failed to allege necessary facts to support such a claim. In support of this contention, defendant points to the fact that plaintiff has failed to allege that any one with authority to bind the Government agreed to compensate plaintiff for any services he may have rendered. We agree that it is a necessary element of any claim founded upon a contract with the Government, either express or implied, that facts sufficient to show authority to bind the Government contractually should be alleged. Fulmer v. United States, 77 F.Supp 927, 111 Ct. Cl. 591; Gearon v. United States, 126 Ct.Cl. 548. This we think plaintiff has failed to do when he merely alleges negotiations with a general officer and his staff. Standing alone, such an allegation does not give rise to a contractual relationship with the Government. Even if such facts are conceded to be true, as they must be for the purposes of a motion to dismiss, no judgment could be rendered by this court thereon. Reading the allegations contained in count I of plaintiff's petition in the light most favorable to him, it is not even clear who made a promise to compensate the plaintiff for services rendered and what the nature and amount of such compensation would be. In our opinion count I of the petition is insufficient to give rise to a cause of action upon an express or implied contract with the Government and must therefore be dismissed.

█ Count II alleges that plaintiff owned patents on the sleeping bags and that the defendant, by disclosure of the patented article to certain United States manufacturers, violated his rights in the patented article for which he is entitled, under the Mutual Security Acts of 1951 and 1954, 65 Stat. 373 and 68 Stat. 832, respectively, 22 U.S.C.A., § 1750 et seq., to sue the Government for damages. Plaintiff alleges that the sleeping bags were manufactured under contracts with the Government and that they were "packed for overseas shipment and use by friendly nations within the language, meaning, and content of the Mutual Security Acts, and by said friendly nations used for the purposes set forth in said Mutual Security Acts." By this allegation plaintiff attempts to invoke the jurisdiction of this court under section 517 of the 1951 Act, supra at 382, and section 506 of the 1954 Act, supra at 852, 22 U.S.C.A. § 1758. These two sections are almost identical to each other so that only section 506 of the 1954 Act will be quoted and referred to herein. It provides *inter alia:*

"(b) Whenever, in connection with the furnishing of any assistance in furtherance of the purposes of this Act—

"(1) use within the United States, without authorization by the owner, shall be made of an invention; or

"(2) damage to the owner shall result from the disclosure of infor-

mation by reason of acts of the United States or its officers or employees, the exclusive remedy of the owner of such invention or information shall be by suit against the United States in the Court of Claims or in the District Court of the United States for the district in which such owner is a resident for reasonable and entire compensation for unauthorized use or disclosure. In any such suit the United States may avail itself of any and all defenses, general or special, that might be pleaded by any defendant in a like action."

The contracts for the manufacture of the sleeping bags were made by the United States Government with United States manufacturers. There is no allegation that such contracts were let on behalf of any foreign country, but only that the end product, the sleeping bags, were shipped overseas and used by friendly nations. Conceding for the purposes of this motion that the plaintiff had a valid patent and that the use of his invention was without authorization, the question remains whether the production in the United States, under contracts with our Government, of articles covered by a valid patent, which articles may eventually find their way into the hands of a friendly nation, allows an injured patent holder to invoke the jurisdiction conferred upon this court by the Mutual Security Acts.

In order to invoke jurisdiction under the Mutual Security Acts, section 517 of the 1951 Act and section 506 of the 1954 Act require that the disclosure which resulted in the damage must have been "in connection with the furnishing of any assistance in furtherance of the purposes of this act." The purpose of the act as defined in section 101 of the 1954 Mutual Security Act, supra, 22 U.S.C.A. § 1811, is stated in pertinent part, as follows:

"* * * to authorize measures in the common defense, including the furnishing of military assistance to friendly nations and international organizations in order to promote the foreign policy, security, and general welfare of the United States and to facilitate the effective participation of such nations in arrangements for individual and collective self defense. * * *"

The 1951 Act had a like statement found in section 2, supra. Standing alone it might be possible to construe the Mutual Security Acts to allow suits thereunder in a case such as herein presented. However, a reference to the legislative history of the 1954 Act shows conclusively that such was not the intent of Congress when it passed the 1951 and 1954 versions of the Mutual Security Act. House Report 1925, Part I, (83d Congress, 2d session) states with respect to section 506 of the 1954 Act that its purpose was the same as in the 1951 Act and that such purpose was to allow the Government to make available to friendly nations patents and technical know-how without threat of an injunction proceeding by an aggrieved inventor. At the same time the act sought to give relief to an inventor who has had his invention used without his authority. The Committee on Foreign Affairs said in the report:

"This section also affects the use of patents without prior authorization by the owner. At present, by the act of June 25, 1910 (28 U.S C. § 1498), a remedy is provided for a patentee against the United States in the Court of Claims when a patented invention is used for manufacture 'by or for the United States'. It is important to remove any question as to the availability of this remedy in cases of infringements of United States patents in production for foreign governments. Otherwise, it might be possible for essential production to be stopped by injunction by an unsatisfied inventor. This section makes it clear that this remedy would be available only so long as the activities con-

cerned form a part of the Mutual Security Program."

Thus the Committee was saying that where a patented article was produced in the United States by or on behalf of a friendly nation under the Mutual Security Program, the United States Government would assume responsibility for any patent infringement which resulted from such use. Also, where United States Government officials disclosed any patented information to a foreign country for their use under the program it would be liable. We do not think that the act was meant to cover a situation such as that alleged in plaintiff's petition. Here the sleeping bags were produced "by or for the United States" and any claim for patent infringement clearly falls within 28 U.S.C. § 1498. To say that jurisdiction may be invoked under the Mutual Security Acts because some of the articles covered by the patents were used by a friendly nation would, in our opinion, extend the provisions of that act beyond their intended purpose. Plaintiff's rights are fully protected under 28 U.S.C. § 1498. Count II of plaintiff's petition will therefore be dismissed.

Count III of the petition alleges the same facts as count II and seeks to invoke jurisdiction in this court under 28 U.S.C. § 1498 together with the Mutual Security Acts. Defendant's motion seeks to dismiss so much of count III as involves jurisdiction based upon the Mutual Security Acts, and for the reasons above given defendant's motion is allowed.

Defendant's motion to dismiss counts I, II, and part of count III is granted, and these parts of the petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.