Contracts; subcontractor's claim; privity of contract; implied in fact contract. — On November 1,1974 the court issued the following order:
Before Skelton, Judge, Presiding, Nxoi-iols and Kashiwa, Judges.
“In this case plaintiff was a subcontractor of Compu-Tyne, Inc., on- a contract that Compu-Tyne, Inc. had with the defendant for the analysis of certain classes of equipment used by the United States Navy. Compu-Tyne employed plaintiff as subcontractor to act as librarian and custodian of documents furnished to Compu-Tyne by defendant in the performance of the contract. There was no privity of contract .between plaintiff and defendant. On August 28, 1970, Compu-Tyne’s contract was terminated for ’default by defendant. Defendant learned that plaintiff had certain documents in its possession under it subcontract with Compu-Tyne and in October and again in December 1970, requested that plaintiff return the documents to defendant. The plaintiff returned the documents on November 29, 1971, and presented a bill for storage in the sum of $11,655.43, which defendant refused.to. pay. The-plaintiff filed suit in this court for the $11,655.43 and defendant filed a counterclaim for .$51,883.00 based on alleged tortious conversion of the documents by the plaintiff. Plaintiff filed a motion for summary judgment on defendant’s counterclaim, and defendant filed a cross-motion to dismiss plaintiff’s suit. Oral argument was heard by the court on these motions on May 3,1974. During oral argument plaintiff made an oral motion for leave to amend, its petition to show a contract implied in fact with defendant. The court granted plaintiff’s oral motion to amend its petition. The order of the court issued May 31, 1974, provided in pertinent part as follows:
it is ordered that plaintiff’s oral motion for leave to amend its petition of March 1, 1973, showing a claim based on a contract implied in fact with the defendant is granted.
it is further ordered that plaintiff is granted 30 days from the date of this order to so amend its petition and *855 ■ should it fail to do so, the defendant’s cross motion to dismiss the petition will be granted, the plaintiff’s motion for summary judgment on defendant’s counterclaim will be denied, and defendant’s counterclaim will be dis-. missed.
“The plaintiff filed an amended petition on July 1, 1974, in which it attempted to allege a contract implied in fact with defendant. The defendant has filed a motion to dismiss plaintiff’s amended petition on the ground that it fails to allege a contract implied in fact with the defendant. The case is now before the court on defendant’s motion to dismiss plaintiff’s amended petition.
“In its amended petition, the plaintiff alleges that the defendant knew plaintiff was holding the documents in storage ; that defendant’s inspectors regularly inspected the documents ; and that defendant acquiesced in continued billings for storage that plaintiff sent to defendant. The plaintiff says these facts show a contract implied in fact with the defendant. We do not agree.
“In order for a contract implied in fact to exist, there must be a meeting of minds and mutual consent to be bound. 17 Am. Jur. 2d Contracts § 3 (1964) ; J.C. Pitman & Sons, Inc. v. United States, 161 Ct. Cl. 701, 705, 317 F.2d 366, 368 (1963) ; Porter v. United States, 204 Ct. Cl. 355, 365-66, 496 F.2d 583, 590 (1974); and Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F.2d 1241 (1970). The plaintiff does not' allege that there was a meeting of the minds nor mutual.consent to be bound in this case. In Algonac Mfg. Co., supra, we stated in some detail the requirements of a contract implied in fact. The plaintiff has failed to meet those requirements in its pleadings in this case. The mere knowledge of representatives of the defendant that plaintiff had the documents in its. possession, the’visits of the’government'inspectors to plaintiff’s premises, and the receipt of billings for storage from plaintiff-by agents of defendant do not show a meeting of the minds that plaintiff was to store the documents and that defendant would pay plaintiff for the storage. Neither do these facts'show mutual consent of the parties to be'bound. In fact, the pleadings indicate that the government did not want *856 plaintiff to store the documents, but at all times requested that they be returned to defendant by the plaintiff.
“Furthermore, the plaintiff does not allege that any representative or agent of the government with whom it came in contact with regard to the documents had authority to bind the government. ‘Such an allegation is necessary if this court is to have jurisdiction of a claim founded in contract, whether the alleged contract be express or implied. See Beach v. United States, 226 U.S. 243, 259 (1912) ; Kaplan v. United States, 139 Ct. Cl. 682, 684, 153 F.Supp. 787 (1957) ; Putnam Mills Corp. v. United States, 202 Ct. Cl. 1, 479 F.2d 1334 (1973). We hold that the amended petition of the plaintiff is insufficient to show a contract implied in fact with the government and that the plaintiff has failed to comply with the court’s order of May 31, 1974.
“Accordingly, plaintiff’s request for oral argument is denied, and defendant’s motion to dismiss plaintiff’s amended petition is granted and the petition is dismissed; and defendant’s counterclaim against the plaintiff is also dismissed.”