Cowrt of Claims ju/risdicíion; nonappropriated ftrnd instrumentality; privity of contract. — On September 10, 1976 the court entered the following order:
Before CoweN, Chief Judge, Davis and BeNNett, Judges.
“This case comes before the court on defendant’s motion, filed June 28, 1976, in which the Government requests an order dismissing the petition and also asks for summary judgment.
“The Government raises the defense that the petition’s request for back pay and reinstatement fails to state a claim within the court’s jurisdiction or, alternatively, fails to state a claim upon which relief may be granted. The pertinent portion of plaintiff’s petition merely states that he was an alien employee of the Army and Air Force Exchange Service in the Panama Canal Zone and was separated from his position for alleged unauthorized purchase of AAFES gasoline for personal use. Since such position might be held either by appointment or by contract, and since this court has no jurisdiction over claims for back pay by appointees of nonappropriated fund activities, were petitioner an appointee his cause would fail for lack of jurisdiction. See United States v. Uophins, 427 U.S. 123 (1976).
“To base his claim on contract plaintiff must properly allege that he was in privity with the Government, and that the latter was bound by an authorized agent acting within his representative capacity to bind the Government. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947); Operational Manuals, Inc. v. United States, 205 Ct. Cl. 854 (1974); Putnam Mills Corp. v. United States, 202 Ct. Cl. 1, 479 F. 2d 1334 (1973). Plaintiff has not averred facts on which the *313 court’s jurisdiction depends, as required by Eule 35(a) nor cited the statutory authority upon which relief may be granted by this court. Eule 35 (c). Finally, plaintiff has not responded to the pending motion and is in default thereto. Eule 52(b)(1). Upon consideration of the foregoing and upon authority of the cases cited above,
“it is ordered that defendant’s motion to dismiss and for summary judgment be and it is granted. The petition is dismissed.”