"Pursuant to Rule 38(b), defendant moves to dismiss plaintiffs petition on the ground that either it fails to state a claim upon which relief can be granted or it fails to state a claim within the court’s jurisdiction. Since matters outside the pleading are presented to and not excluded by this court, defendant’s motion shall be treated as one for summary judgment. Rules 38(b) and 101.
"Plaintiffs claim is bottomed on his allegation that he was improperly separated from his position of employment with the Army and Air Force Exchange Service (AAFES) and, therefore, that he is entitled to reinstatement and back pay from the date of his separation. Plaintiff asserts jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (1970), which provides for suits in this court upon any express or implied contract with such military exchanges.
"Plaintiff alleges that he held his position with AAFES through a contract of employment, although the documentation contained in plaintiffs official personnel file clearly establishes that plaintiff was initially employed through an appointment and not by contract. The relevant documents from plaintiffs official personnel file have been made a part of the record herein by the defendant.
*758 "In addition to the documentation contained in plaintiffs official personnel file, the Army and Air Force regulation governing the AAFES, AR 60-21/AFR 147-15 (August 27, 1970), required that the prior approval of the Chief of AAFES be obtained before anyone was hired by contract to serve in the European Exchange System, AAFES, the organization that hired plaintiff. AR 60-21/AFR 147-15, c. 1, § II, |[ l-9.d; § IV, |f 1-30. Since plaintiff never received the prior approval required by regulation, a valid contract of employment never arose between plaintiff and AAFES; therefore, plaintiff may not sustain a claim herein based upon an alleged contract of employment with AAFES. Schoenbrod v. United States, 187 Ct. Cl. 627, 634, 410 F. 2d 400, 403-404 (1969); accord, Federal Crop Insurance Corp. v. Merrill, 332 U. S. 380, 384 (1947); National Bank of North America v. United States, 197 Ct. Cl. 948, 456 F. 2d 754 (1972).
"Since plaintiffs employment relationship with AAFES was through an appointment and not a contract, plaintiffs petition fails to state a claim within the court’s jurisdiction. United States v. Hopkins, 427 U. S. 123 (1976); Spooner v. United States, 211 Ct.Cl. 312 (1976). Therefore,
"it is ordered that defendant’s motion to dismiss plaintiffs petition, which is treated as one for summary judgment, be and is hereby granted and that plaintiffs petition be and is hereby dismissed.”