This case comes before the court on the parties’ cross-motions for summary judgment. Plaintiff seeks back pay for and reinstatement to his position as a detective with the Navy Exchange Fleet Activities, Yokosuka, Japan. The parties decided to forego oral argument and to submit this matter on the briefs.
In its cross-motion, the government raises, inter alia, the defense that plaintiffs request for back pay and reinstatement fails to state a claim within this court’s jurisdiction. *1023 Specifically, defendant argues that the court has no jurisdiction over plaintiffs claims since plaintiffs employment was by appointment to a position with the Navy Exchange, a nonappropriated fund activity, and not pursuant to a contract of employment. The pertinent portion of plaintiffs complaint, paragraph 4, alleges that his employment arose by virtue of a "contract of employment.” Defendant, for its part, advances three arguments: (a) plaintiffs personnel files show no documents indicating the existence of an employment contract; (b) applicable regulations require that for a contract of employment to be valid between the Navy Exchange and an employee, approval of the Navy Resale and Services Support Office must be obtained prior to entering into such a contract; and (c) certain regulations provide that personal service contracts will not be used to hire employees who serve on a continuous basis.
This court has no jurisdiction over claims for back pay by appointees of nonappropriated fund activities. Therefore, unless plaintiff can show the existence of an employment contract, we have no jurisdiction. United States v. Hopkins, 427 U.S. 123, 128 (1976); Spooner v. United States, 211 Ct. Cl. 312 (1976). Plaintiff has the burden of pleading facts upon which this court’s jurisdiction depends. Rule 35(a). Faced as we are with defendant’s contentions that no contract of employment can be located in plaintiffs personnel files and that such a personal service contract, if one exists, would run afoul of the applicable regulations, we must infer that plaintiffs conclusory allegation that he has a "contract of employment” fails to satisfy Rule 35(a). He does not show us that this is more than an inference from the mere fact of employment; an inference which in the case of government employees cannot be drawn.
To base his claim on contract plaintiff must properly allege that he was in privity with the Government, and that the latter was bound by an authorized agent acting within his representative capacity to bind the Government. Spooner, supra, 211 Ct. Cl. at 312.
Furthermore, plaintiff has not filed a reply brief contesting defendant’s jurisdictional arguments, though allowed to do so under Rule 52(b)(2). We therefore conclude plaintiff *1024 can show no contract of employment or that he has conceded the jurisdictional point. In either case the result is the same.
it is ordered that plaintiffs motion for summary judgment be and it is denied, and that defendant’s motion for summary judgment be and it is granted. The petition is dismissed.