Plaintiff, Ms. Carolyn R. Walker, brings this suit to recover moneys from the United States for an alleged breach of contract by the Pennsylvania Avenue Development Corporation (padc), a corporation created under the padc Act of 1972, 40 U.S.C. § 872 (1976). The parties cross-move for summary judgment.[1]
The relevant facts appear to be that the Urban Business Education Association (ubea) agreed, in 1973, to conduct a study for the padc, assessing the feasibility of using a certain property as an interim relocation site for businesses displaced by Pennsylvania Avenue development projects. Plaintiff was the executive director of the ubea. The ubea submitted a favorable report and was commissioned in 1975 by the padc to develop a more detailed project concept. After submission of this second report, the parties continued to discuss the project and the ubea indicated its interest in being the project developer. The padc suggested that the ubea submit a formal proposal for staff and Board of Directors consideration. The parties disagree as to whether the padc had agreed at this point that, if the project were to be implemented, the ubea would be the developer.
As best we can determine from the papers proffered to us, the ubea was discontinued sometime in early 1976. Ms. Walker alleges that she informed the padc of the ubea’s discontinuance and of her intent to continue with the project and to form a successor corporation. She also says that the ubea transferred to her all of its rights and interests under the alleged agreement but provides no writing as evidence of this assignment.
A successor corporation, the Urban Business and Economic Development Association ( urbeda), was formed in July 1976. Plaintiff is the President and Chairperson of this corporation. The padc continued discussing the project with the urbeda. By letter dated August 14,1978, for reasons not relevant to our decision the padc discontinued its exclusive negotiations with the urbeda. The urbeda assigned all of *763 its rights and claims against the padc to Ms. Walker on August 14,1981.
She filed her petition in this court on August 21, 1981, asserting a claim against the defendant as assignee and primary negotiator for the two corporations.
Assuming an enforceable agreement, and taking all facts as alleged by plaintiff to be true, we hold that Ms. Walker has no standing to bring this suit since she is not the proper party. Suits in this court may be brought only by the "real party in interest.” Ct. Cl. Rule 61(a). This requires privity of contract with the United States. Somerville Technical Services v. United States, 226 Ct. Cl. 291, 296-98, 640 F.2d 1276, 1279-80 (1981); G-Lam Corp. v. United States, 227 Ct.Cl. 764 (1981); Spooner v. United States, 211 Ct. Cl. 312 (1976). Officers and stockholders (including sole owners) of a corporation that contracts with the United States are not considered the real party in interest and have no standing to sue on the corporation’s behalf. Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 662, 428 F.2d 1241, 1249 (1970); Frangella Mushroom Farms, Inc. v. United States, 229 Ct.Cl. 578 (1981), cert. denied, 456 U.S. 916 (1982); Corbin v. United States, 221 Ct.Cl. 953 (1979). This is true even if the individual conducted the negotiations with the United States on behalf of the corporation and the corporation is now defunct. See S.R. Weinstock & Associates v. United States, 223 Ct.Cl. 677 (1980).
Ms. Walker was not a party to the alleged agreement.[2] Representatives of the padc have indicated that negotiations were conducted with her as the representative of the two corporations, and not with her individually. She affirms in her reply brief that she was negotiating from 1973 to early 1976 as the employee of and on behalf of the ubea. After the urbeda was incorporated in 1976, negotiations with plaintiff were as the corporation’s president.
It is possible (it is unclear from the papers submitted to us) that there was a gap after the ubea’s dissolution and prior to the urbeda’s existence when discussions may have been between the padc and Ms. Walker, individually. However, she does not allege specific facts showing that an *764 agreement was reached with her personally during this short time period. Also, she represents that at the time of the ubea’s dissolution she informed the padc of her intent to establish the urbeda. She has not alleged facts indicating that at any time it was within the contemplation of the parties that she, personally, was to be a contracting party. Moreover, if we accept, arguendo, that the contract was finalized by November, 1974, as plaintiff states at one point, any negotiations with her personally were post-agreement and do not establish her as a party to the agreement except as an assignee of the corporations.
The assignments of the corporate rights and interests are invalid under the anti-assignment acts applicable to government contracts, 31 U.S.C. § 203 (1976) and 41 U.S.C. § 15 (1976). 41 U.S.C. §15 declares null and void transfers of contracts from a government contractor to a third party. 31 U.S.C. §203 makes an assignment of unallowed claims against the United States unenforceable by the assignee. Both statutes were enacted to prevent strangers to the contracts from asserting claims against the United States. Maffia v. United States, 135 Ct. Cl. 604, 606, 142 F. Supp. 891, 893 (1956); Pittman v. United States, 127 Ct. Cl. 173, 180, 116 F. Supp. 576, 580-81 (1953), cert. denied, 348 U.S. 815 (1954). See Tuftco Corp. v. United States, 222 Ct. Cl. 277, 284-85, 614 F.2d 740, 744 n.4 (1980). This doctrine of anti-assignment prevents the United States from being subjected to multiple claims and from having to investigate alleged assignments and it preserves any set-offs or counterclaims the Government may have against the assignor.[3] United States v. Shannon, 342 U.S. 288, 292 (1952); Kingsbury v. United States, 215 Ct. Cl. 136, 144, 563 F.2d 1019, 1024 (1977); Beaconwear Clothing Co. v. United States, 174 Ct. Cl. 40, 50, 355 F.2d 583, 589 (1966).
Although plaintiffs claims are inexactly stated, we discern two theories of recovery; she claims a right of action either as the assignee of an ongoing contract with the ubea or as the assignee of an established claim by urbeda against defendant. The first asserted assignment is invalid under the absolute prohibition in 41 U.S.C. § 15. The second *765 assignment falls under 31 U.S.C. § 203 which requires that the assignment be "freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof.” Hager v. Swayne, 149 U.S. 242, 247 (1893); Kingsbury, 215 Ct. Cl. at 141-42, 563 F.2d at 1022; Doyle v. Commissioner, 147 F.2d 769, 770 (4th Cir. 1945). The plaintiff met none of these prerequisites and that assignment is also invalid.
For these reasons, without oral argument, defendant’s motion for summary judgment is granted, plaintiffs is denied, and the petition is dismissed. Also, we grant plaintiffs motion for leave to file an addendum (which she has done) and deny her motion for oral argument

 Plaintiffs motion is technically for judgment on the pleadings; because it relies on facts outside of the pleadings, we treat it as a motion for summary judgment pursuant to Rule 38(c).

 There is no writing available to assess her position, and it does not appear that the alleged agreement was in written form.

 The Government alleges here that it has a claim against urbeda.