"This case is before the court on defendant’s motion for summary judgment, opposed by plaintiff which seeks a trial. Having considered the parties’ written submissions, the court, without oral argument, grants defendant’s motion.
"In August 1971, the United States Navy contracted with plaintiff to construct Academic Building No. 1 at the Naval War College in Newport, Rhode Island. Plaintiff says that, *810 during construction, defendant’s agent, a Lieutenant Ward, requested it to review the plans for a different structure, Academic Building No. 2, with an eye toward using its experience on Building No. 1 to catch any problems which might be present in the new plans. Plaintiff reviewed the plans and made written suggestions which were forwarded to Lieutenant Ward. Plaintiff did not receive the contract for Building No. 2 which went to another firm. Molony & Rubien now claims that the service it rendered in connection with the plans for Building No. 2 saved defendant $326,165, for which plaintiff should be compensated at the 50% rate prescribed in the Value Engineering Incentive clause of the Building No. 1 contract. Plaintiff also alleges, alternatively, an oral contract with defendant calling for compensation for these services. The Government has refused to pay. Plaintiffs appeal to the Armed Services Board of Contract Appeals was dismissed for want of jurisdiction; at the Board level, claimant relied only on its oral contract theory and the Board held that it had no authority to decide an appeal not founded on an agreement containing a Disputes Clause and related remedial provisions.
We hold that plaintiff has failed to state a claim upon which relief can be granted. With respect to the alleged oral contract — assuming arguendo that an oral agreement could in any event be valid in this instance — plaintiff has not shown authority in Lieutenant Ward to contract for the services said to have been rendered. The Government has pointed out in detail that he was not so authorized,[1] and plaintiff has not been able to make even a prima facie rebuttal of that demonstration. Proof or acknowledgment of contractual authority is necessary before this court can vindicate a claim founded on a government contract, express or implied. See, e.g., Operational Manuals, Inc. v. United States, 205 Ct. Cl. 854, 856 (1974); Porter v. United States, 204 Ct. Cl. 355, 366, 496 F.2d 583, 590-91 (1974), cert. denied, 420 U.S. 1004 (1975). In addition, plaintiff has not raised any triable issue tending to show that a definite oral contract was in fact made. Defendant has presented *811 Ward’s affidavit denying that he told plaintiff that it would be compensated for its work on the Building No. 2 plans, and asserting that he said no more, when asked about monetary compensation, than that plaintiff could of course submit a claim for any money it believed due to it. Plaintiff has not contradicted this version by any affidavit of its own. Beyond that, the most that emerges from plaintiffs allegations and responses to defendant’s interrogatories is an 'understanding’ between it and Lieutenant Ward so conditional and indefinite that no mutual consent sufficient to give rise to a contract can be found.[2] In these circumstances plaintiff must be taken to have performed as a volunteer, probably hoping that it would benefit in the expectation that it would receive the contract for Building No. 2. This kind of frustrated expectation cannot, however, be assuaged by monetary relief in this court.
Plaintiffs alternate claim for compensation under the Building No. 1 contract’s Value Engineering Incentive (VEI) clause must also be rejected. First, plaintiff did not appeal to the ASBCA on that ground, and thus has failed to exhaust its administrative remedies, as it should have if it wished to posit a claim on this contract clause. Second, the VEI clause refers only to work done under the specific contract in which the provision appears. It is undisputed that there were separate contracts for the two buildings, and that the present claim relates only to work connected with Building No. 2. Third, the VEI clause concerns money-saving suggestions initiated by the contractor and chan-nelled through government officials with authority to make an agreement for the value of the cost-saving proposals. Plaintiff asserts that the services performed were requested of it (rather than initiated by it) and, more important, does not aver or attempt to show that it submitted its proposals to the proper contracting officials or identified the proposals (at the time they were submitted) as being offered under the VEI clause of the Building No. 1 contract. In brief, the circumstances *812 asserted in plaintiffs case on this motion, viewed in thé light most favorable to it, do not even give rise to a triable issue whether plaintiff has a valid claim pursuant to the VEI clause of its Building No. 1 contract.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.”

 Defendant shows that Ward was three steps down the chain of command from an officer with authority to enter into the alleged contract.

 Plaintiff says that Ward told it that, if it did not receive the contract for Building No. 2, compensation for its services on those plans 'would be processed, but no set figure was discussed’; the request for compensation was to be submitted to higher authority 'for their evaluation.’