This case involves the claims of ten employees, or subcontractors, of ITT Federal Electric Corporation, a corporation which held a contract with the Government.
The question presented is whether plaintiffs, who were employees or subcontractors of a Government contractor, are barred from maintaining this suit due to lack of privity with the United States. The question is before the court on defendant’s motion for summary judgment.
Plaintiffs are employees, or subcontractors, of ITT Federal Electric Corporation, alleging that in 1974 they *948 "entered into an agreement” with Federal Electric whereby they were to be employed by Federal Electric as technicians and managers at the Air Force radar site at Dauphin Island, Alabama. They are not employees of the United States. By contract No. F05604-74-C-0011, dated June 3, 1974, the Air Force entered into a contract with Federal Electric to operate and maintain the radar site at the said Dauphin Island, Alabama. On or about January 1, 1977, the Federal Aviation Administration (FAA) began using the facility jointly with the Air Force and as a result of the joint AF-FAA usage of the facility their "work tasks and responsibilities increased drastically with no upgrading of job ratings and positions and no resulting increase in compensation.” It appears that plaintiffs offered to provide their additional services, necessitated by the joint AF-FAA usage of the facility, for increased compensation and that on or about February 2, 1977, the site manager (one of the plaintiffs), with the approval of Federal Electric, ordered them to refuse to provide the services to the FAA under the AF-FAA joint usage project "until the problem of increased compensation could be worked out.” Plaintiffs allege in their claim that on or about February 7, 1977, the site manager received a telephone call from defendant’s "employee, or agent,” stating that the aforesaid work restraint was jeopardizing the joint use project. They assert that this unnamed person asked them to resume providing services to the FAA and stated that defendant would pay for the additional services rendered by the plaintiffs from January 1, 1977. Plaintiffs claim that they resumed services to the FAA "as the result of this promise” and continued such service through June 30, 1977. As shown hereafter, this unnamed person is Mr. Daniel E. O’Neill.
As noted earlier, plaintiffs’ petition asserts that' in 1974 they "entered into an agreement” with Federal Electric whereby they were to be employed by Federal Electric. They are, therefore, employees, or subcontractors, of Federal Electric. As such, they have no contractual relationship with the Government and therefore cannot maintain a suit against the United States. This principle is too well established to require extensive citation of authority. See, e.g., United States v. Munsey Trust Company, 332 U. S. 234, 241 (1947); Putnam Mills Corp. v. *949 United States, 202 Ct. Cl. 1, 8, 479 F. 2d 1334, 1337 (1973). As stated in the Munsey Trust case, "laborers and materialmen do not have enforceable rights against the United States for their compensation” (supra at 241). As stated in the Putnam Mills case (202 Ct. Cl. at 8, 479 F. 2d at 1337): "It is clear that, unless the plaintiff can provide evidence of the existence of some type of contract between it and the United States, it cannot, as a subcontractor, recover directly from the United States for amounts owed to it by the prime.”
In paragraph 10 of the petition, plaintiffs make reference to a telephone call from an unnamed employee or agent of the Government, allegedly asking plaintiffs to resume providing services to the FAA and stating that the Government would pay for such services. These averments are insufficient if intended as a pleading of an implied contract. In Curtis v. United States, 144 Ct. Cl. 194, 198, 168 F. Supp. 213, 215-216 (1958), cert. denied, 361 U. S. 843 (1959), the court stated as follows:
* * * The petition does not state the name or position of any officers or agents of the Government with whom any negotiations were had, nor is there an allegation that any person or persons with whom plaintiff claims to have negotiated, had authority to bind the Government or obligate it to pay compensation. Nor has plaintiff in his counter affidavit named persons with whom he claims to have negotiated. In the absence of supporting facts, the mere statement of a conclusion in the petition could not give rise to an implied contract. Hebern et al. v. United States, 132 C. Cls. 344; Nuss et al. v. United States, 127 C. Cls. 197; Kaplan v. United States, 139 C. Cls. 682.
Furthermore, the other unnamed individual allegedly involved in the matter, according to plaintiffs, was Mr. Daniel E. O’Neill. Mr. O’Neill was an electronics engineer employed by the Air Force. His duties included serving as a liaison with the FAA in connection with problems arising from the implementation of joint usage by the Air Force and FAA of the facility at Dauphin Island. He had no official status in connection with the contract the Air Force held with Federal Electric.
The statements of Mr. O’Neill show that he had no authority to bind the Government in regard to the matter *950 in issue and that he believed that Mr. McManus, site manager of Federal Electric and one of the plaintiffs, was aware of his lack of authority. It is well established that the United States is not bound by the unauthorized acts of its agents; one who purports to contract with the United States must inform himself regarding the authority of such individuals and assumes the risk that the official with whom he deals is clothed with actual authority to enter into the contract alleged. Federal Crop Insurance Corp. v. Merrill, 332 U. S. 380, 384 (1947); Haight v. United States, 209 Ct. Cl. 698, cert. denied, 429 U. S. 841 (1976); Brown v. United States, 207 Ct. Cl. 768, 782, 524 F. 2d 693, 701 (1975). It is plaintiffs’ responsibility to prove the actual authority of the agent upon whose statements they rely. The United States is not estopped to deny the authority of its agents. Haight v. United States, supra.
Mr. O’Neill’s statements also show that he recommended to Mr. McManus that he, Mr. McManus, submit documentation of overtime and out-of-scope work to the contracting officer through normal contract channels and that plaintiffs request additional compensation through the contractor and the contracting officer. Plaintiffs’ brief states that the affidavit of Mr. McManus "names the Government’s agent who promised that Plaintiffs would be compensated.” It is clear from the affidavit of Mr. O’Neill, the individual named by Mr. McManus, that he, Mr. O’Neill, did not promise Mr. McManus anything and had no authority to do so. His statements could not possibly form any basis whatsoever for holding the Government liable. Molony & Rubien Construction Co. v. United States, 214 Ct. Cl. 809, 810-811 (1977); Nuss v. United States, 127 Ct. Cl. 197, 207, 117 F. Supp. 413, 419 (1954).
Plaintiffs have no privity with the United States and, therefore, cannot maintain this suit against the Government. The petition fails to state a claim upon which relief can be granted.
it is ordered that defendant’s motion for summary judgment is hereby allowed. Plaintiffs’ claim is dismissed.