Pleading and practice; real party in interest; dismissal of non-corporate plaintiffs; privity of contract; third-party beneficiary; actions by shareholders for corporate injuries.— On March 28, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
This contract case comes before the court on defendant’s motion to dismiss the stockholders and employees of plaintiff Robo Wash, Inc., as parties in this action. Dismissal is sought pursuant to Court of Claims Rule 61(a), which requires that all claims be prosecuted by the real party in interest. Defendant takes the position that the corporate plaintiff is the only real party in interest here, and that dismissal of Robo Wash’s employees and stockholders is therefore mandated. Plaintiffs have filed no response or opposition to this motion, and the time for doing so has now expired. For the reasons set forth below, we grant defendant’s motion to dismiss as parties, all plaintiffs except Robo Wash, Inc.
This action was brought by Robo Wash, Inc., and by Braxton P. Jones and Carl Johnson, Jr., individually, as *694 employees and stockholders of Robo Wash, and on behalf of all other Robo Wash stockholders similarly situated.[1] The basis of this suit is an alleged agreement between an employee of the Small Business Administration (SBA) and Midwest Cabinet Manufacturing Corporation (Midwest) approving a loan of $60,000, which was guaranteed by Robo Wash. Plaintiffs allege that the SBA employee allowed the loan authorization to be used as security for a $50,000 loan from Goppert Bank and Trust Company (Goppert) to Midwest and Robo Wash. Plaintiffs also allege that SBA’s subsequent refusal to fund the loan to Midwest caused Midwest and Robo Wash to default on the Goppert loan. An alleged result of this default was that Goppert collected on other past due obligations owing to it by Robo Wash. Plaintiffs further allege that Goppert had agreed not to foreclose on these obligations as long as Robo Wash made a good faith effort to meet them, but that when Robo Wash defaulted on the $50,000 loan to itself and Midwest, Goppert deemed that Robo Wash had failed to make good faith efforts to meet its obligations, and therefore foreclosed on the prior debts.
Goppert’s collection of those past due obligations is alleged to have caused Robo Wash’s insolvency and loss of assets, which resulted in significant monetary damage to the corporation. In addition, plaintiffs allege that the stockholders were damaged by devaluation of their stock, and that employees Jones and Johnson were damaged by loss of their right to employment, injury to their business reputation, and by embarrassment and humiliation. All of these damages are alleged to have been a direct and proximate result of the SBA employee’s breach of his agreement to fund the SBA loan to Midwest, for which Robo Wash was a guarantor.
Defendant contends that assuming, arguendo, a breach of agreement occurred, neither the stockholders nor the two plaintiff-employees have a right to sue under that agreement, since the loan guarantee was made in the name of the corporation, Goppert loaned the money to the corpora *695 tion, and any duty SBA may have had under the alleged agreement ran only to the corporation.
In a suit brought by a government contractor and its sole stockholder requesting relief with respect to certain defense contracts, we found that a corporate officer who was also the sole stockholder of a corporation, did not have standing to sue under contracts to which only the corporate contractor and the Government were parties. Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 662, 428 F.2d 1241, 1249 (1970). In that case, we held that the stockholder was not a real party in interest under Court of Claims Rule 61(a).
The contracts which serve as the basis for the claims in this case were between the Government and Algonac Manufacturing Company. John A. Maxwell [the stockholder] was not a party to the contracts. Therefore, on all claims which involve the contracts, we hold that Maxwell is not a proper party to the suit, and we do not have jurisdiction of his petition. Id. at 662, 428 F.2d at 1249. See also, Bradbury v. Dennis, 310 F.2d 73, 74 (10th Cir. 1962), cert. denied, 372 U.S. 928 (1963).
The basis for the dismissal in Algonac, was the lack of privity of contract between the stockholder and the Government. Id. at 662, 428 F.2d at 1249, supplemented at 198 Ct. Cl. 258, 260, 458 F.2d 1373, 1374-75 (1972). See also, Bogart v. United States, 209 Ct. Cl. 208, 213-14, 531 F.2d 988, 991 (1976); S. R. Weinstock & Assoc. Inc. v. United States, ante at 677.
This principle is not limited to stockholders. It is also applicable to employees of corporations contracting with the Government. In Bolin v. United States, 221 Ct. Cl. 947 (1979), we held that employees or subcontractors of a government contractor, "have no contractual relationship with the Government and therefore cannot maintain a suit against the United States.” Id. at 948. Since privity was lacking, the plaintiffs in Bolin failed to state a claim upon which relief could be granted, and they could not maintain a suit against the Government. Id. at 950. It is settled that because there is no privity of contract between the Government and laborers, materialmen and subcontractors who perform services for contractors with the Government, such persons may not sue the United States for compensation or *696 other relief. See, United States v. Munsey Trust Co., 332 U.S. 234, 241 (1947); Universal Fiberglass Corp. v. United States, 210 Ct. Cl. 220, 228, 537 F.2d 400, 405 (1976); Putnam Mills Corp. v. United States, 202 Ct. Cl. 1, 8, 479 F.2d 1334, 1337 (1973). These cases are analogous to the instant one on this issue.
It is clear from the facts alleged in the petition, that only the plaintiff corporation has an arguable claim of privity with the Government. Any duty SBA may have had under the alleged agreement ran only to Robo Wash. Neither the stockholders nor the two employees were parties to the agreement which was allegedly breached. The guarantee of the SBA loan was made in Robo Wash’s name, and Goppert loaned money to the corporation, not the other plaintiffs. It is therefore clear that neither the stockholders nor the employees were in privity with the Government.
The general rule is that where stockholders do not allege that they are bringing a derivative suit on behalf of the corporation, and do not meet the requirements for bringing such a suit,[2] they do not have standing to sue for alleged injuries inflicted on the corporation by a third party. Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 732 (3rd Cir. 1970), cert. denied, 401 U.S. 974 (1971). See also, Schaffer v. Universal Rundle Corp., 397 F.2d 893, 896 (5th Cir. 1968); Mullins v. First Nat’l Exchange Bank of Va., 275 F. Supp. 712, 721 (W.D. Va. 1967).
[WJhere an injury is suffered by a corporation and the shareholders suffer solely through depreciation in the value of their stock, only the corporation itself, its receiver, if one has been appointed, or a stockholder suing derivatively in the name of the corporation may maintain an action against the wrongdoer. The theory is generally that the corporate recovery restores the value of the stock. [Vincel v. White Motor Corp., 521 F.2d 1113, 1118 (2d Cir. 1975) (citations omitted)]. See Kauffman, supra, 432 F.2d at 732.
*697 In the instant case, the only damage which is alleged to have occurred to the stockholders, with the exception of employees Johnson and Jones, is the loss of value to their stock as a result of wrongs committed by defendant against the plaintiff corporation. It is obvious from the case law discussed above, that these stockholders have no standing to sue individually, and must therefore be dismissed as parties.
With respect to the plaintiffs Jones and Johnson, the petition alleges that in addition to injury caused by the devaluation of their stock, they were damaged in that they "individually as officers and employees of Robo Wash, Inc. lost their right to continued employment and suffered embarrassment, humiliation, and injury to their business reputation * * Petition, ¶ 25. While these plaintiffs have no standing to sue for the destruction of value to their stock, since that is essentially an injury to the corporation, "it has also been established that a stockholder may sue to redress 'direct’ injuries to himself regardless of whether the same violation injured the corporation.” W. Clay Jackson Enterprises v. Greyhound Leasing, 463 F. Supp. 666, 671 (D.P.R. 1979). See also, Buschmann v. Professional Men’s Ass’n, 405 F.2d 659, 662 (7th Cir. 1969).
However, in order for a stockholder to sue for direct injuries, the wrong must amount to a breach of duty owed to the stockholder personally, and independently of his or her status as a stockholder. See, Schaffer, supra, 397 F.2d at 896; Mullins, supra, 275 F. Supp. at 721-22. Thus, while a stockholder could sue for loss of business reputation and credit, or for personal suffering, see, W. Clay Jackson Enterprise, supra, 463 F. Supp. at 671, he or she could only do so if these injuries breached some duty owed plaintiffs separate from their shareholder status. As was discussed earlier, plaintiffs Johnson and Jones do not stand in privity of contract with the Government since they were not parties to the alleged agreement. Nor do they allege any rights as third party beneficiaries of any such agreement, or any facts which could, if proven, establish such a relationship. Before an individual who is not party to an agreement may sue for breach of such agreement, "he must at least show that it was intended for his direct benefit.” *698 German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 230 (1912); Bogart, supra, 209 Ct. Cl. at 214, 531 F.2d at 991. There is no showing that the alleged agreement was intended in any way to confer benefits on Robo Wash’s employees, and therefore plaintiff was not owed any contractual duty which was breached. See, Kanarek v. United States, 161 Ct. Cl. 37, 40, 314 F.2d 802, 803 (1963), cert. denied, 379 U.S. 838 (1964). Nor does the petition allege any other basis upon which a special duty to plaintiffs Jones and Johnson individually could be grounded. Therefore, they also must be dismissed as parties.[3]
Accordingly, we find that the plaintiff stockholders and plaintiffs Jones and Johnson are not real parties in interest in this action, and lack standing to bring this suit, since they are not in privity with the Government or third party beneficiaries of any contract with the United States, nor are they suing derivatively on behalf of the corporation. We therefore grant defendant’s motion to dismiss them as parties.
IT IS SO ORDERED.

 Plaintiffs filed a motion for class action treatment. A ruling on this motion was suspended, and has not yet been made. Because of our dismissal of all stockholders as parties, this class action motion has become moot.

 Rule 23.1 of the Federal Rules of Civil Procedure allows stockholders to bring suits on behalf of a corporation where certain conditions are met, one of these conditions being that the corporation has failed to enforce a right which could properly be asserted by it. This is not the case here, since the corporation is a plaintiff in this action. For this and other reasons, this is not a stockholder’s derivative suit.

 Additionally, to the extent that the employees’ alleged injuries are based on tortious conduct on defendant’s part, they are tort rather than contract claims, and as such, must be dismissed since they fall outside this court’s jurisdiction. See, Algonac Mfg. Co., supra, 192 Ct. Cl. at 663, 428 F.2d at 1249, supplemented at 198 Ct. Cl. at 260, 458 F.2d at 1374-75. See also, 28 U.S.C. § 1491.