Contracts; oral contract; implied-in-fact contract; authority of Government agent; release; reformation; Witness Security Program. — On April 4, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
*705 This action for breach of an alleged contract is presented to the court on defendant’s motion for summary judgment on the ground that there is no issue of material fact and defendant is entitled to judgment as a matter of law. We agree.
Plaintiff has alleged that in 1974 he agreed to become associated with a terrorist group and to act as an informant for the Federal Bureau of Investigation (FBI). He alleges that FBI agent Boyd Keenan told him that since the assignment was dangerous he would be given protection by the Government and relocated, with his wife, to a place where his true identity would be unknown and all "without any financial loss whatever.” Plaintiffs cooperation did contribute to a murder conviction in a California state court. He relocated.
Plaintiff was admitted to the Witness Security Program on August 4,1976. In that year he received payments under that program in the total amount of $3,091.96. He petitions for damages in breach of contract with defendant, Mr. Keenan acting as its agent, in the amount of $452,224.45, plus interest, and attorney fees of $50,000.
Funds for the protection of witnesses are made available under the Organized Crime Control Act of 1970, Pub. L. No. 91-452, §§ 501-504, 84 Stat. 933, quoted in 18 U.S.C. ch. 223 note (1976). See also 28 U.S.C. §524 (1976). Pursuant to 28 U.S.C. §510 (1976), the Attorney General delegated his authority to provide for the protection of witnesses by issuing a regulation published at 28 C.F.R. § 0.111(c) (1979). This regulation gives responsibility for the program exclusively to the Director of the U.S. Marshals Service. The Attorney General also caused to be issued Department of Justice Order OBD 2110.2, dated January 10, 1975, entitled Witness Protection and Maintenance Policy and Procedures. That order is an exhibit to defendant’s motion. It further makes clear the exclusive authority of the U.S. Marshals in these matters, and paragraph 12 states: "Investigative agents and attorneys are not authorized to make any commitments regarding maintenance levels to prospective witnesses.” It is clear that if Agent Keenan made any promises to plaintiff that he was without legal authority to do so. Defendant has also furnished affidavits *706 which negative any possibility that such authority was at any time delegated to Keenan. Plaintiff has not furnished us with any affidavits.
On July 18,1977, plaintiff and his wife signed a witnessed statement in which he acknowledged the assistance he had received from defendant and released it from further responsibility. The last paragraph of the release states:
This document is hereby signed voluntarily with no promises having been made to me. In signing this document I do not waive any past, present, or future rights or claims that I may have. The purpose of signing this document is to release the United States Marshal’s [Marshals] Service and the United States Government from any further responsibility for the support of myself and family.
The plaintiffs response to defendant’s motion states: "While the legal niceties may be proper it is certainly highly inequitable to allow this conduct to continue.” He says that the "contract” should be reformed so as to allow him to recover or that a hearing should be provided so that plaintiff could establish Keenan’s actual authority to contract with him. In a supplemental response plaintiff points out that the court has authority over contracts implied in fact if an express contract cannot be established. Of course, we have authority over contracts implied in fact but they must be agreed to by an agent of the Government who has actual and not apparent authority. It is clear to us that Mr. Keenan could not be shown in a hearing to have such authority for it was prohibited to him by regulation and order and was given only to United States marshals. The United States is not estopped from denying the authority of its agents. Further, for the court to reform a contract it must be satisfied there is a contract. Plaintiffs above arguments are without merit. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947); Rand v. United States, 218 Ct. Cl. 645 (1978); Molony & Rubien Constr. Co. v. United States, 214 Ct. Cl. 809 (1977); Haight v. United States, 209 Ct. Cl. 698, cert. denied, 429 U.S. 841 (1976); Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972).
*707 Finally, plaintiffs brief raises an issue not stated in his petition but we will address it. Plaintiff says that at the time he signed the release "he could receive additional money by reapplying to the program.” This allegation is not supported by affidavits as required by Rule 101(f) of the Court of Claims. It is contradicted by plaintiffs own statement in his release that he was made no promises. If he reapplies, of course, his readmission is discretionary and can only be done with proper authority. It would not guarantee him more money. This allegation does not set forth any genuine issue for trial.
it is therefore ordered, upon consideration of the motion and responses, without oral argument, that defendant’s motion for summary judgment be and it is granted. The petition is dismissed.