Court of Claims jurisdiction; breach of contract v. tort claim. — On April 25, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
This case is before us on the government’s motion to dismiss counts three, four, seven, eight, and nine of plaintiffs’ petition pursuant to Court of Claims Rule 52(b)(2). The basis of defendant’s motion is a lack of subject-matter jurisdiction to hear these counts. For reasons asserted below, we agree with defendant as to counts four, seven, eight, and nine and dismiss these, but remand count three for trial.
Plaintiffs, Lewis D. Malnak d/b/a Lew Malnak Associates, et al., in December 1970 entered into contract N00039-67-C-1534 with defendant, which acted through the Naval Electronic Systems Command (NAVELEX). The contract called for the design, development, and construction of six engineering models of an Automatic Guard Receiving Terminal (AGRT) and ancillary items. A number of disputes arose between plaintiffs and defendant under this contract concerning certain actions of the contracting officer, the validity of certain constructive changes, and other matters. After a series of reviews these disputes resulted in the filing of two separate appeals with the Armed Services Board of Contract Appeals (ASBCA or board) in 1972. The board stated that plaintiffs’ proof would be confined to only one issue, the validity of the constructive changes. Plaintiffs were of the opinion that the elimination of the other issues would irreparably injure *784 their case; moreover, plaintiffs determined that their complaint should be amended to include fraud and breach of contract. Consequently, plaintiffs requested the board to dismiss their appeals without prejudice so that they could bring the entire matter to this court. On April 20,1979, the board granted plaintiffs’ request. Plaintiffs assert that we have jurisdiction over counts three, four, seven, eight, and nine under 28 U.S.C. § 1491 and 41 U.S.C. § 321. We disagree with plaintiffs except as to count three.
In count three plaintiffs allege that defendant’s employees engaged in criminal activities against plaintiffs which precluded the latter from performing contract 1534. Plaintiffs allege that defendant’s employees "* * * conspired together and maliciously and willfully entered into a scheme to disrupt LMA’s [plaintiffs’] business and destroy LMA’s reputation within NAVELEX in general, the SPE-COM Project Office in particular, regardless of the effect on same on the AGRT Project * * Thus, the bedrock of count three when one delves sufficiently to find it, is that defendant acted in bad faith, breaching its implied contractual obligations not to interfere, harm, or impede plaintiffs in their performance of contract 1534. For this reason, plaintiffs conclude that count three falls within our jurisdiction under the Tucker Act. We agree.
In United States v. Native Village of Unalakleet, 188 Ct. Cl. 1, 14, 411 F.2d 1255, 1261 (1969), we set forth the guidelines for granting or denying a motion to dismiss:
* * * [I]n reading pleadings for the purposes of a motion to dismiss or for summary judgment, we are obliged to consider them in a light most favorable to the party against whom judgment is sought. * * *
In the instant case, we conclude that plaintiffs make sufficient allegations of a possible causal link between defendant’s alleged bad faith in contract administration and plaintiffs’ inability to perform contract 1534 so as to defeat a motion to dismiss. Thus, unless defendant can further document its belief that the claim really sounds in tort, as it might do on summary judgment, we think plaintiffs should have an opportunity to litigate the issues raised in count three at a trial on the merits.
*785 While we remand count three to trial, we must note that plaintiffs’ method and approach in their pleading and briefing on this and the other counts left much to be desired. Proper pleading in this and all federal courts is "notice-pleading;” plaintiffs’ constant insistence on raising each and every detail of its grievances at the pleading stage works to cloud what may otherwise be valid issues and is not well-received by this court. This court’s task is made difficult when, as here, the pleader mixes in one count allegations sounding in contract and in tort.
Count four of the petition is a claim brought by Dynamic Technology International, Inc. (DTI). It is alleged that a contract existed between DTI and defendant by means of a novation. Plaintiffs allege that defendant was informed by letter of October 20, 1969, that plaintiffs planned to merge with DTI and that DTI would thereafter be the contracting party of record. Plaintiffs further allege that when the defendant’s employees made their criminal charges against plaintiffs, they also made their charges against DTI, resulting in the same business losses to DTI as incurred by plaintiffs and described in count three. DTI claims damages of $5,000,000.
We reject count four as a cause of action for two reasons. First, nowhere in their petition do plaintiffs allege that defendant actually signed a novation agreement. Moreover, the evidence shows that the contracting officer requested that plaintiffs delay the transfer of the contract since he did not wish to process a novation agreement while the contract was still being "definitized” (sic). We conclude that because there was no privity of contract between DTI and defendant, DTI lacks standing to sue in this court. Also, the Anti-Assignment Acts (31 U.S.C. § 203 and 41 U.S.C. § 15) bar any transfer of the contract unless consented to by novation, in the absence of preconditions not here present.
Even if plaintiffs did allege that a novation agreement was signed by defendant, there is a difficulty with count four. Count four sounds in tort. In count four DTI alleges that due to defendant’s criminal allegations and investigations, their economic and business relations suffered. Such a claim is outside our jurisdiction. See Huerta v. United States, 212 Ct. Cl. 473, 548 F.2d 343, cert. denied, 434 U.S. *786 828 (1977) and Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F.2d 817 (1974). Moreover, the $5,000,000 in damages claimed by DTI are clearly special damages recoverable only under a tort claim for relief. See 11 Williston on Contracts §1344 (3d ed. 1968). Thus, count four is dismissed.
In count seven plaintiffs allege that due to the criminal accusations and investigations conducted by defendant, plaintiffs’ future business prospects have "withered and died” for which plaintiffs seek damages of $20,000,000.
Like the previous claim, count seven clearly sounds in tort and as such is beyond our jurisdiction. See Huerta v. United States, supra; Somali Development Bank v. United States, supra. Moreover, the damages claimed by plaintiffs for loss of future business prospects are too remote to be recovered in this court. See William Green Construction Co. v. United States, 201 Ct. Cl. 616, 477 F.2d 930 (1973), cert. denied, 417 U.S. 909 (1974). Accordingly, count seven is dismissed.
In count eight of the petition, plaintiffs assert that defendant did not return all the documents produced by plaintiffs pursuant to a discovery order in the ASBCA proceeding and those that were returned were mixed up and partially destroyed. Plaintiffs seek appropriate damages.
We reject count eight for two reasons. First, plaintiffs’ claim sounds in tort. Plaintiffs argue, in essence, that defendant breached its duty of care, i.e., was negligent, in the way it handled and returned plaintiffs’ documents. We have no jurisdiction over such tort claims. See Somali Development Bank, supra.
Plaintiffs argue that defendant’s actions with respect to these documents were a breach of an implied-in-fact contract. We conclude that, at best, an implied-in-law contract existed over which we have no jurisdiction. Merritt v. United States, 267 U.S. 338, 341 (1925). Under ASBCA rules, plaintiffs had a legal duty to produce the documents and defendant arguably had an implied duty to return such documents. Neither party would be doing anything except that which they were required to do by law.
*787 Thus, count eight is dismissed because it states a claim sounding in tort or is a claim under a contract implied-in-law.
Count nine of the petition is a claim brought by the employees of Lew Malnak Associates and DTI. These employees allege that they are entitled to damages for their unpaid salaries and for injury to their business reputations. They also claim that certain of them have been "blackballed” and, hence, hindered in their pursuit of gainful employment. The employees contend that their constitutional liberty and property interests were somehow infringed by defendant.
We reject count nine for three reasons. First, as employees of LMA and DTI, they have no contractual relationship with the government and thus cannot maintain a suit against the United States. Bolin v. United States, 221 Ct. Cl. 947 (1979).
Secondly, to the extent the employees’ claim is an allegation of "blackballing” such claim sounds in tort and is outside our jurisdiction. See Somali Development Bank, supra.
Thirdly, regarding their constitutional claims, the employees have failed to make the requisite showing under Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972) and Perry v. Sindermann, 408 U.S. 593 (1972) that they have a vested liberty or property interest to continued future employment.
For the foregoing reasons, count nine is dismissed.
it is therefore ordered that counts four, seven, eight, and nine are dismissed and defendant’s motion to dismiss is granted to that extent. Count three and the rest of the case is remanded to the trial division for further proceedings.