Walter V. JAMES, Plaintiff,
H.G. Gardner, Intervenor,

v.

The UNITED STATES, Defendant.

No. 80–80C.

United States Claims Court.

Jan. 26, 1983.

Thomas A. Mauro, Washington, D.C., for plaintiff and intervenor.

Donnie Hoover, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., and Pat Lindley-Dominquez, for defendant.

## MEMORANDUM OF DECISION

KOZINSKI, Chief Judge.

On September 3, 1971, plaintiff, Walter V. James, and defendant, the United States,

entered into a contract titled Land License No. 2496 for the storage of a gold mining dredge in an area known as A 300 in the Panama Canal Zone.* Some time in December of 1975 the dredge was stolen. It appears that a man by the name of Marion Frazer Hale came onto A 300 armed with a forged document purporting to give him title to the dredge and hauled the equipment off the property.

Plaintiff brought suit, charging that the United States had breached the contract by permitting the dredge to be taken from A 300. Plaintiff sought compensation for the value of the dredge, expenses incurred in attempts to recover it once its loss was discovered, and lost profits and other damages resulting from the fact that the equipment could not be used in a planned gold dredging operation.**

Trial was held in Washington, D.C., on October 19–22, 1982. The record was thereafter kept open for introduction of other evidence, including the transcript of testimony of three witnesses who had been deposed in Panama. On January 5, 1982, after the record was complete, the court met with counsel and made oral findings of fact and conclusions of law, holding as follows:

■ (1) The contract which entitled plaintiff to store the dredge on A 300 did not require defendant to provide security services to assure the dredge's safety.

■ (2) The contract did not create a bailment or other legal relationship which might, by implication, have placed upon defendant the responsibility for securing the safety of the equipment stored on A 300.

■ (3) Subject to approvals which were routinely granted by defendant, plaintiff was free to erect a fence, arrange for security services, or take other steps to secure his property. Plaintiff failed to do any of these things.

■ (4) None of defendant's agents assisted Hale in stealing the dredge.

■ (5) Defendant violated no duty owed to plaintiff under the contract by failing to act through diplomatic or other channels to attempt to retrieve the dredge from the Republic of Panama where it was taken after its removal from A 300.

■ At the time of the January 5 hearing, counsel for plaintiff represented to the court that he had recently learned that the dredge might have been appropriated by agents of the United States for purposes entirely unrelated to the contract which was the basis of plaintiff's claim. The court allowed plaintiff until January 24, 1983, to file a motion for leave to amend his complaint. The motion was filed in a timely manner and issuance of final judgment will therefore be withheld pending resolution of the motion.

---

\* At a subsequent time, Herbert G. Gardner acquired an interest in the dredge. Because of this interest, the court, on September 30, 1982, permitted Gardner to participate in the case as an intervenor, pursuant to RUSCC 24.

\*\* During the course of trial, defendant objected to the introduction of evidence of lost profits and other damages pertaining to the proposed business enterprise. The court sustained the objection on grounds that such damages could not be recovered because they were too speculative and were not contemplated in the contract. *Olin Jones Sand Co. v. United States,* 225 Ct.Cl. 741 (1980); *Malnak v. United States,* 223 Ct.Cl. 783 (1980); *Rocky Mountain Construction Co. v. United States,* 218 Ct.Cl. 665 (1978); *William Green Construction Co. v. United States,* 477 F.2d 930, 201 Ct.Cl. 616 (1973), *cert. denied* 417 U.S. 909, 94 S.Ct. 2606, 41 L.Ed.2d 213 (1974).