897 F.2d 539
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francis N. BIENVILLE, dba E & A Construction Company,
Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5024.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1990.
Rehearing Denied March 15, 1990.
 
 Before MARKEY, Chief Judge, and RICH and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Francis N. Bienville appeals from the September 20, 1989 Order of the United States Claims Court, case No. 50-89C, which dismissed Bienville's complaint for failure to state a cause of action within the jurisdiction of the Claims Court. We affirm.
 
 OPINION
 
 2
 Contrary to Bienville's assertions, when Bienville chose to appeal his contract claims to the Armed Services Board of Contract Appeals (ASBCA), he lost the right to pursue these claims in the Claims Court under the so-called "election doctrine." National Neighbors, Inc. v. United States, 838 F.2d 1539, 1541 (Fed.Cir.1988). Bienville attempts to support his position with citations to cases such as Allied Materials & Equipment Co., Inc. v. United States, 569 F.2d 562 (Ct.Clm.1978), where the Court of Claims entertained a government contract dispute after a decision by the ASBCA. However, Bienville's reliance on these cases is misplaced, since they were decided prior to the passage, in 1978, of 41 USC 609(a), which gave rise to the election doctrine. See Tuttle/White Constructors, Inc. v. United States, 656 F.2d 644 (Ct.Clm.1981).
 
 
 3
 Bienville's allegations of violations of the Davis-Bacon Act, 40 USC 276a et seq., appear to be based on the language of 40 USC 276a-2 which provides for disbursement of "withheld" payments as wages to laborers and mechanics. However, it is clear from a reading of Sec. 276a that "withheld" payments refers to payments withheld by the contracting officer from the contract price in order to ensure that adequate minimum wages are paid to the laborers and mechanics. Bienville does not assert that any such payments were "withheld." 40 USC 276a-2 does not, as asserted by Bienville, provide a basis for appealing contract administration disputes arising under the Contract Disputes Act.
 
 
 4
 The remainder of Bienville's complaint consists of claims sounding in tort. The Claims Court does not have jurisdiction to hear such claims. 28 USC 1491(a)(1); Malnak v. United States, 223 Ct.Cl. 783, 785 (1980). The issue of whether or not the District Court for the Eastern District of California correctly dismissed Bienville's tort claims is simply not reviewable by this court or the Claims Court.