On May 18, 1979 the court entered the following order:
Richard M. Kennedy, Jr., attorney of record, for plaintiff. Richard M. Kennedy, III, of counsel.
Dwight D. Meier, with whom was Assistant Attorney General Barbara Allen Babcock, for defendant.
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
This contract claim comes before the court on defendant’s motion to dismiss. Plaintiff opposes the motion and seeks a trial. Plaintiff alleges the award of termination for convenience costs granted to it by the Armed Services Board of Contract Appeals (Board) was insufficient because it failed to account for costs plaintiff incurred in effecting a value engineering change proposal (VECP) to the contract. The Board found, and defendant in its motion to dismiss argues, that the VECP was never accepted and, therefore, plaintiff is not entitled to termination costs relating to the VECP. We conclude the Board properly considered and rejected the contentions now advanced by plaintiff.
In June 1974, plaintiff contracted with defendant to remove and replace the stand-by emergency diesel-electric generators in the basement of the hospital at Shaw Air Force Base, South Carolina, for $195,700. The standard general provisions for fixed-price construction contracts were incorporated in the contract, including a value engineering incentive clause (ASPR 1-1707.1, May 1971)[1] and a termination for convenience clause (ASPR 7-602.29(a), April 1973). The contract did not contain a value engineering program requirement clause (ASPR 7-104.44(b)) providing that value engineering work would be performed as part of the contract.
Though the contract called for replacement of the existing hospital generators with two 500-kw. generators, iñ July 1974 plaintiff submitted a value engineering *675 change proposal suggesting instead that one 1000-kw. generator be used and placed in a separate new structure, rather than replacing the generators in the basement. Plaintiff maintained this plan would cost less, offer greater reliability, and be easier to accomplish. In September 1974, the contracting officer sent plaintiff a letter stating "preliminary approval has been given to the proposal” pending receipt of more detailed information. Plaintiff subsequently provided the information requested. During September 1974 through January 1975, Coy L. Derrick, plaintiffs owner and manager, negotiated for purchase of a 1000-kw. generator. A purchase order was placed on September 4,1974, but Derrick retained the right to cancel the order up to 2 weeks prior to production, which was scheduled for the second week of December 1974.
It was during November 1974 through January 1975, plaintiff alleges, that Shaw officials gave plaintiff oral notification that the VECP had been accepted and that plaintiff was to commence work accordingly. The Board noted that Derrick testified that while the contracting officer told him of the proposal’s acceptance in January 1975 and to "go ahead with it,” the contracting officer also expressed his inability to put anything in writing. In their testimony before the Board, concerned Shaw officials including the contracting officer denied giving approval, oral or otherwise, to plaintiff for the VECP.
On the strength of these alleged representations, plaintiff released the 1000-kw. generator for production but on January 23, 1975, plaintiff was notified the VECP was not acceptable and that construction was to proceed as envisioned under the original contract. Following further negotiations, the Government also terminated the original contract for its convenience on April 9, 1975.
At the Board hearing, plaintiff claimed a total of $60,314.45 in termination costs, insisting the VECP had been accepted and costs incurred in its performance fell within the provisions of the termination for convenience clause. The board found the VECP had not been accepted nor did plaintiff have any reasonable cause to believe it had been and awarded plaintiff, as termination for convenience costs, only those sums relating to performance of the original contract: $2,732.76.
*676 In this court plaintiff alleges the Board was without authority to reject its termination cost claim under the VECP because it had no jurisdiction to review the contracting officer’s final decision that the VECP had not been accepted. Plaintiff contends the Board only had jurisdiction over the termination claim relating to the original contract. Nevertheless plaintiff alleges the VECP was orally accepted and an independent contract for the generator construction was thus formed. Defendant contends plaintiffs arguments are nothing more than a repetition of arguments presented to the Board, the Board had jurisdiction to consider those arguments, and its decision rejecting the arguments is entitled to finality under Wunderlich Act standards, 41 U.S.C. §§ 321, 322 (1976) and United States v. Utah Constr. & Mining Co., 384 U.S. 394, 419-20 (1966). We agree with defendant.
In the first place, plaintiff fails to recognize that the Board’s action in this case was not to review the contracting officer’s substantive decision to reject the VECP on its merits, but rather a determination that the VECP had not been accepted. Hence, the value engineering incentive clause provision exempting from the disputes clause the contracting officer’s decision to accept or reject a VECP, thereby precluding Board jurisdiction, is simply inapplicable to this case. It is undisputed that plaintiffs alternative proposal was submitted under the value engineering incentive clause of the contract. As such, the Board could determine whether the proposal met the requirements for acceptance under pertinent regulations and the terms of the contract so as to be incorporated within the contract. See Briscoe v. United States, 194 Ct. Cl. 866, 873, 442 F. 2d 953, 958 (1971); B. F. Goodrich Co. v. United States, 185 Ct. Cl. 14, 398 F. 2d 843 (1968). The VECP was never accepted by written notice as called for by the contract (see note 1) and the Board found plaintiff "had no reasonable cause to believe that the VECP had been contractually approved.” The court’s responsibility in this situation is described in General Dynamics Corp. v. United States, 214 Ct. Cl. 607, 614, 558 F. 2d 985, 989 (1977), which states:
* * * Where the board’s findings are made in a case within its jurisdiction, the reasoning of S&E Contrac *677 tors, Inc. v. United States, supra, and United States v. Utah Constr. & Min. Co., 384 U.S. 394 (1966), mandates that they be applied in any collateral proceeding where the same facts are in issue, and that they be so applied without challenge on the Government’s part. On the other hand, where the board conducts a proceeding beyond its jurisdiction, its findings of fact therein are advisory only, see United States v. Utah Constr. & Min. Co., supra, 384 U.S. at 409-11 * * *
See also United States v. Utah Constr. & Mining Co., supra, 384 U.S. at 418-23. With due regard to the Board’s findings, we therefore conclude plaintiffs value engineering change proposal was not accepted and that consequently plaintiff was not entitled to termination for convenience costs relating to the VECP.
This reasoning also applies to the second part of plaintiffs dual argument, i.e., that because of the oral representations allegedly made by defendant’s agents, defendant is equitably estopped from denying its acceptance of the VECP. The circumstances surrounding the alleged oral acceptance were thoroughly examined and tried before the Board. The contracting officials to whom plaintiff attributes the oral statements of approval flatly denied telling plaintiff the VECP had been approved or accepted by the Government. Again, we see no reason to disturb the Board’s factual findings pertaining to this issue. These factual findings prevent plaintiff from advancing in this court its arguments based upon equitable estoppel and implied in fact contract, for any such arguments are predicated on factual assertions which the Board rejected on substantial evidence.
it is therefore ordered, upon consideration of the motion to dismiss and plaintiffs response thereto, without oral argument, that defendant’s motion is granted,and the petition is dismissed.

 The value engineering incentive clause provided in subparagraph (c)(2) that:
"The Contracting Officer may accept in whole or in part any cost reduction proposal submitted pursuant to this clause by giving the contractor written notice thereof reciting acceptance under this clause. Where performance under this contract has not yet been completed, this written notice may be given by issuance of a change order to this contract. Unless and until a change order applies a value engineering change proposal to this contract, the contractor shall remain obligated to perform in accordance with the terms of the existing contract * *