Contracts; Wunderlich Act reveiw; cardinal change; equitable adjustment; breach of contract claim. — Plaintiff, on behalf of its subcontractor Fidelity, seeks reveiw under Wunderlich Act standards of a decision of the Armed Services Board of Contract Appeals and/or a trial de novo. Plaintiff contracted to construct a United States Army hospital at Fort Gordon, Georgia, subcontracting with Fidelity to install an audio-visual nurse call system. As issued, the nurse call specifications contemplated use of a standard product that had been developed by marrying specifications of Executone and Motorola'systems in a way *528 so that neither of those systems could completely meet contract requirements. The contracting officer disapproved Fidelity’s proposals to install a nurse call system manufactured by various other concerns. Fidelity’s proposal to use the Executone system was approved and the contract price adjusted upward. Fidelity submitted a claim for additional cost and expenses, asserting that the interpretation and ambiguity of the specifications resulted in a proprietary demand for an Executone system when the specifications were actually open specifications. On appeal of the contracting officer’s denial of the claim, the Board granted plaintiff an equitable adjustment, concluding that by calling for a proprietary item the Government had constructively changed the specifications. In this court plaintiff contends that the damages claimed are premised upon the Government’s breach of contract in rejecting Fidelity’s submissals of nurse call systems prior to approval of the Executone equipment, and further contends that such rejections were made in bad faith and that the requirement to install the Executone system constitued a cardinal change. On May 21,1980 Trial Judge James F. Merow filed a recommended decision (reported in full at 28 CCF para. 81,006) concluding that plaintiff had not established any basis upon which it could be ruled that a cardinal change claim had been asserted in this matter calling for de novo proceedings. If a contractor is incorrectly required to install some brand name equipment when other equipment equal thereto would have met the specifications, the appropriate relief is provided by an equitable adjustment under the Changes clause of the contract. In addition, general "bad faith” allegations concerning an asserted preference for one brand of equipment do not create a triable issue of fact such as to convert the matter into a de novo action for breach of contract. The trial judge also concluded that the Board’s equitable adjustment determination was entitled to finality. On December 12, 1980 the court, by order, adopted the recommended decision as the basis for its judgment in this case, granted defendant’s motion for summary judgment, denied plaintiffs motions for summary judgment and de novo trial, and dismissed the petition. Plaintiffs motion for rehearing was denied February 6, 1981, and plaintiffs *529 petition for certiorari was denied October 5,1981, 454 U.S. 835.