The plaintiff entered into 13 contracts with the Air Force between 1972 and 1976 for the repair and overhaul of generators and motors used on military aircraft. These contracts were five-year contracts that bound the government for one year and allowed it to issue follow-on contracts for four additional one-year periods. Disputes arose over the plaintiffs ability to perform, however, and the government refused to extend the contracts. The disputes are being litigated in Texas. See Shermco Industries, Inc. v. Secretary of Air Force, No. 3-76-1186-G (N.D. Tex. Nov. 22, 1976) (memorandum order).
In 1981, the plaintiff filed its petition here. In count I, it seeks payment for various materials handling charges it claims the government owes it. In count II, it seeks compensation for various value engineering change proposals it claims the government accepted. The government has moved to dismiss the petition because the plaintiff has not exhausted its administrative remedies, i.e., it has not presented its claims to the contracting officer under the disputes clauses of the contracts. We grant the motion.
The plaintiff concedes it has not pursued its claims administratively, but argues it does not have to. The rule is that if relief is available under the contract, then a contractor must exhaust its administrative remedies before seeking relief in court. Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 334, 427 F.2d 735, 737 (1970). The plaintiff claims it is suing for breach of the contracts and so can sue here directly. The plaintiff, however, construes breach of contract too broadly. In this context, breach does not mean all alleged violations of terms of the contract, but only those disputes which cannot be resolved under the *1027 contract. Monroe Garment Co. v. United States, 203 Ct. Cl. 324, 337, 488 F.2d 989, 997 (1973).
The contracts contain disputes clauses which require the contractor to exhaust administrative remedies and which provide a process for resolving the disputes. The contracts also have materials handling and value engineering incentive clauses providing for payment upon certain conditions. The contracts thus provide means for resolving disputes that would enable the plaintiff to satisfy its claims, if they are valid. The claims are redressable under the contracts and cannot be the subjects of a breach suit here. Edward R. Marden Corp. v. United States, 194 Ct. Cl. 799, 808-10, 442 F.2d 364, 369-70 (1971); accord, Derrick Electric Co. v. United States, 220 Ct. Cl. 673 (1979); Molony & Rubien Construction Co. v. United States, 214 Ct. Cl. 809 (1977).
The plaintiff, relying on Bendure v. United States, 213 Ct. Cl. 633, 554 F.2d 427 (1977), alleges that the administrative remedies are inadequate. That case held only that when an administrative remedy does not exist or when the agency cannot grant the relief sought, then a claimant need not exhaust administrative remedies. Such is not the situation here.
The plaintiff argues next that resort to the administrative processes would be futile. It relies largely on the accusations of bad faith and prejudice that it has made against the government in the district court suit. It asserts that in view of those charges it could not obtain a fair consideration of its claims by the contracting officer. The mere assertion of bad faith, however, does not demonstrate it. J. W. Bateson, Inc. v. United States, 226 Ct.Cl. 527 (1980), cert. denied, 454 U.S. 835 (1981), adopting trial judge’s opinion, 28 Cont. Cas. Fed. (CCH) ¶81,006 at 86,363, 86,369. Government officials are presumed to act in good faith and the plaintiff has not made the strong showing that is necessary before we can conclude that the officials did not and will not so act here.
The plaintiff alleges finally that it need not exhaust the administrative processes because the contracts were terminated or have expired. We know of no such rule of law. In fact, terminations and termination settlements are frequently the subject of administrative proceedings. See e.g., *1028 Airco, Inc. v. United States, 205 Ct. Cl. 493, 504 F.2d 1133 (1974) (exhaustion required for termination settlement).
The plaintiffs other arguments do not go to the question of exhaustion.
The defendant’s motion to dismiss is granted and the petition is dismissed.