**CONNECTICUT YANKEE ATOMIC POWER COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 98–154C.**

United States Court of Federal Claims.

Dec. 15, 1998.

## ORDER

MEROW, Senior Judge.

This matter is before the court on defendant's motion to dismiss pursuant to Rule 12(b)(4) of the Rules of the United States Court of Federal Claims ("RCFC") and plaintiff's cross-motion for partial summary judgment pursuant to RCFC 56. The issues raised by the motions are substantively identical—with one exception—to those addressed in *Yankee Atomic Electric Co. v. United States,* 42 Fed.Cl. 223 (1998). Familiarity with that opinion is presumed.

Yankee Atomic had paid all of the charges due under its contract with the Department of Energy. In light of the contract and statutory provisions prohibiting a refund of the charges, it was concluded that no adjustment was available under the contract. Consequently, Yankee's breach claim in Count I of the complaint was not converted into a claim arising under the contract and subject to the disputes clause. Therefore, defendant's motion to dismiss was denied. *Yankee Atomic,* 42 Fed.Cl. at 231–37.

Connecticut Yankee has paid all of its fees for SNF used to generate electricity on or after April 7, 1983, but it has not yet paid the one-time fee for SNF used to generate electricity before that date. This raises the issue of whether an adjustment to the one-time fee is available under Article IX.B of the contract. If an adjustment is available, plaintiff would be required to pursue it administratively in accordance with Article XVI of the

contract, the disputes clause. Only then would it be permitted, in light of the rights reserved in Article XI, to pursue additional remedies, if any, which may be available at law. *See id.* at 227–33; *Nager Elec. Co. v. United States,* 177 Ct.Cl. 234, 251–55, 368 F.2d 847, 859–61 (1966); *Zidell Explorations, Inc. v. United States,* 192 Ct.Cl. 331, 338 & n. 4, 427 F.2d 735, 739 & n. 4 (1970); *Shermco Indus., Inc. v. United States,* 231 Ct.Cl. 1025, 1026 (1982) ("The rule is that if relief is available under the contract, then a contractor must exhaust its administrative remedies before seeking relief in court.").

Section 302(a)(3) of the NWPA establishes the criteria the one-time fee for SNF used to generate electricity before April 7, 1983 must meet and states that it "shall be paid" into the Waste Fund. 42 U.S.C. § 10222(a)(3). Article VIII of the contract sets the fee in accordance with the mandatory statutory criteria and states: "This fee shall not be subject to adjustment." 10 C.F.R. § 961.11, Art. VIII ¶ 2. DOE does not argue that an adjustment can be made under Article IX.B despite the plain prohibition in Article VIII.

Accordingly, it is concluded that no adjustment to the contract charges is available to Connecticut Yankee under Article IX.B of the contract. Therefore, and for the reasons stated in the *Yankee Atomic* opinion, it is hereby **ORDERED**:

(1) Defendant's June 4, 1998 Motion to Dismiss Pursuant to RCFC 12(b)(4) is **GRANTED** to the extent it seeks dismissal of Count IV of the complaint. Defendant's motion is otherwise **DENIED**. When final judgment is entered by the Clerk in this matter, it shall reflect the dismissal of Count IV;

(2) Plaintiff's July 2, 1998 Cross–Motion for Summary Judgment on Contract Liability is **GRANTED**; and

(3) A Pretrial Order filed on November 4, 1998 schedules further proceedings in this matter.