**MAINE YANKEE ATOMIC POWER COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 98–474C.**

United States Court of Federal Claims

Dec. 15, 1998.

---

Jerry Stouck, Spriggs & Hollingsworth, Washington, DC, for Plaintiff. Paul V. Waters, Robert L. Shapiro, Glenn S. Greene, of counsel.

Joseph A. Kijewski, Washington, DC, with whom were David M. Cohen and Frank W. Hunger, Asst. Attorney General, for defendant. Dow Davis, Department of Energy, of counsel.

## ORDER

MEROW, Judge.

This matter is before the court on plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") and defendant's motion to dismiss pursuant to RCFC 12(b)(4). All of the issues raised by the motions, except one, have been resolved by orders issued in *Yankee Atomic Elec. Co. v. United States,* 42 Fed.Cl. 223 (1998), and *Connecticut Yankee Atomic Power Co. v. United States,* 42 Fed.Cl. 448 (1998). Familiarity with those decisions is presumed. The sole issue to be resolved herein is whether Maine Yankee's claims against the United States are ripe for decision.

## BACKGROUND

Pursuant to Article IV.B of the Standard Contract executed by Maine Yankee and DOE, the agency is required to issue, beginning April 1, 1991, an annual acceptance priority ranking ("APR") for receipt of SNF at the DOE repository. The APR is based on the age of SNF to be disposed of, with the oldest SNF generally having the highest priority for acceptance. 10 C.F.R. § 961.11, Art. IV.B ¶ 5(a). Article IV.B also requires that DOE issue, beginning not later than July 1, 1987, an annual capacity report ("ACR") for planning purposes. The ACR is to set forth the projected annual receiving capacity for the DOE facility(ies). *Id.* ¶ 5(b).

The most recent APR/ACR was issued by DOE in March 1995. The excerpt provided by defendant indicates that DOE does not plan to begin disposing of Maine Yankee's SNF in the repository until the second year of its operation. According to the government, this means that:

Had a permanent repository constructed under the NWPA been available to DOE in January, 1998, for use in meeting its NWPA disposal obligations, calendar year 1998 would have been "year one" in the disposal queue. Maine Yankee had no disposal allocations in year one of the disposal queue; hence, none of its fuel would have been subject to NWPA disposal during calendar year 1998 even had the NWPA repository been constructed.

Def.'s Supp. Mot. to Dismiss at 3 (citations to the record omitted). Defendant argues that "[b]ecause Maine Yankee had no entitlement to disposal of its SNF during 1998, its complaint should be dismissed as unripe for decision since Maine Yankee has not yet suffered any injury in fact." *Id.* "Maine Yankee's claim is not ripe because DOE's obligation to begin disposal of Maine Yankee's SNF does not require any removal of SNF before 1999." *Id.* at 7.

## DISCUSSION

The APR/ACR issued by DOE may indeed indicate that, had a permanent repository been available in 1998, DOE would not have begun disposing of Maine Yankee's SNF in that repository until 1999. However, it does not follow that Maine Yankee "had no entitlement to disposal of its SNF during 1998," or that "DOE's obligation to begin disposal of Maine Yankee's SNF does not require any removal of SNF before 1999." On the contrary, under Article II of the Standard Contract, DOE was obligated to begin accepting, transporting, and disposing of Maine Yankee's SNF "not later than January 31, 1998." 10 C.F.R. § 961.11, Art. II. Aside from Maine Yankee's duty to pay fees (which it has done), DOE's obligation under Article II is without qualification or condition—*i.e.,* it is not qualified by or conditioned on either the information DOE includes in the APR/ACRs or the existence of a permanent repository constructed pursuant to the NWPA. *See Yankee Atomic,* 42 Fed.Cl. at 226; *Indiana Mich. Power Co. v. Dep't of Energy,* 88 F.3d 1272 (D.C.Cir.1996); *Northern States Power Co. v. Dep't of Energy,* 128 F.3d 754 (D.C.Cir.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 540, —— L.Ed.2d —— (1998).

DOE did not fulfill its unconditional obligation under Article II, and Maine Yankee

alleges it has incurred damages as a result. Compl. ¶¶ 21–27, 31–32. Accordingly, this matter involves a concrete controversy which is properly before the court pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994).

## CONCLUSION

Based on the foregoing, and for the reasons stated in *Yankee Atomic Elec. Co. v. United States, supra,* and *Connecticut Yankee Atomic Power Co. v. United States, supra,* it is hereby **ORDERED**:

(1) Defendant's August 19, 1998 Supplemental Motion to Dismiss is **GRANTED** to the extent it seeks dismissal of Count IV of the complaint. Defendant's motion is otherwise **DENIED**. When final judgment is entered by the Clerk in this matter, it shall reflect the dismissal of Count IV;

(2) Plaintiff's August 10, 1998 Motion for Summary Judgment on Contract Liability is **GRANTED**; and

(3) A Pretrial Order filed on November 4, 1998 schedules further proceedings in this matter.